AO 241
(Rev. 06/13)

**Alternate, 28 U.S.C. § 2241**

Page 2

*36*

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | Dist | Case: 2:19-cv-12543 |
|---|---|---|---|
| Name (under which you were convicted): | | | Assigned To : Tarnow, Arthur J. |
| **Michael C. Ward** | | | Referral Judge: Morris, Patricia T. |
| | | | Assign. Date : 8/29/2019 |
| Place of Confinement : | | | Description: HC WARD VS. |
| **Macomb Correctional Facility** | | **128267** | WARREN et. al(kb) |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **Michael C. Ward** | v. **Patrick Warren, Warden; Mich. Dept. of Corrections; Mich. Parole Board; ~~State of Michigan~~** |

The Attorney General of the State of: **MICHIGAN**

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    **Washtenaw Cnty Cir Ct, P.O. Box 8645, Ann Arbor, MI 48107**

    (b) Criminal docket or case number (if you know): **79-13902-FY**

2.  (a) Date of the judgment of conviction (if you know): **4/7/81 - jury convicted**

    (b) Date of sentencing: **5/8/81**

3.  Length of sentence: **"Parolable" Life**

4.  In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case: **Poss. w/Intent to Deliver**

    **> 650 grams-cocaine, MCL 333.7401(2)(a)(i)**

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty      ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty          ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?     **N/A**

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury     ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes     ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:     **Mich. Court of Appeals**

(b) Docket or case number (if you know):     **#60310**

(c) Result:     **MCOA affirmed conviction**

(d) Date of result (if you know):     **3/7/84**

(e) Citation to the case (if you know):     **People v Ward, 133 Mich App 344 (1984)**

(f) Grounds raised:     **MCOA - See published Opinion & Order**

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court:   **Mich. Supreme Court**

(2) Docket or case number (if you know):     **#74180**

(3) Result:     **Denied leave to appeal**

(4) Date of result (if you know):     **9/25/85**

-2-

(5) Citation to the case (if you know): **People v Ward, 422 Mich 975 (1985)**

(6) Grounds raised: **Same as in MCOA**

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of result (if you know): **N/A**

(4) Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Washtenaw Cnty Circuit**

(2) Docket or case number (if you know): **79-13902-FY**

(3) Date of filing (if you know): **? (Can't recall)**

(4) Nature of the proceeding: **MCR 6.502 Motion for Relief from Judgment**

(5) Grounds raised: **Insufficient evidence; Ineff. Asst of Counsel; Life sentence is cruel and/or unusual punishment; OTHER (can't recall)**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: **Motion denied**

(8) Date of result (if you know): **? Can't recall**

-3-

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: **Washtenaw Cnty Circuit**

    (2) Docket or case number (if you know): **79-13902-FY**

    (3) Date of filing (if you know): **? (Can't recall)**

    (4) Nature of the proceeding: **MCR 6.502 Motion for Relief from Judgment**

    (5) Grounds raised: **? (Can't recall)**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ☒ No

    (7) Result: **Motion denied**

    (8) Date of result (if you know): **? (Can't recall)**

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: **Washtenaw Cnty Circuit**

    (2) Docket or case number (if you know): **79-13902-FY**

    (3) Date of filing (if you know): **? (Can't recall)**

    (4) Nature of the proceeding: **? (Can't recall)**

    (5) Grounds raised: **? (Can't recall)**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: **Relief denied**

(8) Date of result (if you know): **? (Can't recall)**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes  ☐ No

(2) Second petition: ☒ Yes  ☐ No

(3) Third petition: ☒ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

**N/A**

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Petitioner's rights under U.S. Const., Am's 5, 6, 14 have been violated, render-ing his 1981 Washtenaw Cnty sentence/present imprisonment unconstitutional, as a continuing violation of the U.S. Const., Am 6; where acts/omissions of "state" (MDOC/Parole authorities) effectively unconstitutionally ENHANCE the 1981 PUNISHMENT, using EXPUNGED 1971 convictions. Con't - below.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Citation to case law is important to gain an understanding of the issue. This habeas petition has been suggested (approved) by Senior Dist Ct Judge Arthur J. Tarnow, in case#: 03-cv-72701, Op/Ord 8/7/19, pp. 12-13. Copy attached hereto, and reported at Ward v Wolfenbarger, 2019 U.S. Dist. LEXIS 132287 (Ward IV). For FACTS, see complete "RECORD" from case#: 03-cv-72701 (USDC, EDMI). Specifically, as suggested by Judge Tarnow, the constitutional issue/claim here is: "CHALLENGING THE MICH. PAROLE BOARD'S DECISION TO DENY HIM PAROLE RELEASE ON HIS 1981 CONVICTION FOR POSSESSION WITH INTENT TO DELIVER OVER 650 GRAMS OF COCAINE."
Mich. Dept of Corrections (MDOC) & Parole Authorities, past & present, arbitrarily & capriciously, unconstitutionally initiated/pursued Petitioner's 2005
Con't on attached p. 5a ...

(b) If you did not exhaust your state remedies on Ground One, explain why: Petitioner has NO state remedies. State statute (MCL 791.234(11)) will not permit him to appeal a decision of the parole Board; and Mich. Court Rule 6.502(G)(1) bars Petitioner from filing "successive" motions for relief from judgment. Further, state statute prohibits Petitioner from filing a "state" habeas action. MCL 600.4310(3); Kenny v Booker, 494 Mich 852 (2013). Further, exhaustion was NOT an issue or problem in the related case of Ward v Wolfenbarger, #03-cv-72701.

parole violation, denied parole, and recommended to the Governor denial of commutation, 5 times; effectively resulting in an unconstitutional ENHANCMENT of PUNISHMENT on his 1981 Washtenaw Cnty sentence; thus rendering continued confinement on the 1981 sentence unconstitutional; when creating, distributing, using, considering, federal court ordered EXPUNGED 1971 convictions, adverse and to Petitioner's prejudice, in violation of controlling authorities: U.S. Const., Am's 5, 6, 14; Burgett v Texas, 389 US 109, 115 (1967); Lackawana Cnty Dist Atty v Coss, 532 US 394, 404 (2001); Robards v Rees, 789 F 2d 379, 385 (CA6 1986); Ward v Wolfenbarger, 340 F Supp 2d 773 (ED Mich. 2004)(Ward II).

   In Ward v Wolfenbarger, Id., and Ward v Wolfgenbarger, 323 F Supp 818 (ED Mich. 2004)(Ward I), the Court determined Petitioner's **Sixth Amendment** rights were violated when in 1971 he was not advised of his right to appeal, or right to counsel on appeal.  The Court, in Ward II, at pp. 776-777, ordered Petitioner's 1971 convictions and "all EFFECTS stemming from them," to be EXPUNGED.  In Ward II, at p. 776, the Court found as fact that "these 1971 convictions ARE BEING USED, in part, to deny Petitioner parole on his 1981 conviction."  This order was directed and mailed to all relevant agencies/agents of the State of Michigan (named Respondent's herein the instant habeas petition).  The CA6 likewise ordered Respondent's to remove the 1971 conviction references from Petitioner's files; and that they should not be considered by the MDOC or in making parole related decisions.  Ward v Wolfenbarger, 342 F Appx 134 (CA6 2009)(Ward III), and see Id., at p. 138 (Sutton, J. concurring).

   In fact, from 2004 to date, the State of Michigan (Dept. of Corrections, Parole Authorities), in "contempt" of the 2004 expungement order, have and continue to create, disseminate, use and consider, adverse to Petitioner's prejudice the 1971 convictions.  Specifically, Petitioner's parole officer (Todd Kloska) in 2005 explicitly used the 1971's as reason, in part, to pursue and initiate parole violation proceedings; in 2006 by the parole board as reason, in part, to revoke Petitioner's parole; and 5 times since 2006, as reason, in part, to deny (take no interest) in re-paroling Petitioner, and in recommending to the Governor that Petitioner's commutation application(s) had no merit, and should be denied.

   To permit the 1971 convictions, that were obtained in violation of Gideon v Wainwright, ___ U.S. ___, to be used against Petitioner, as reason (in part) to initiate/pursue parole violation, and subsequently revoke and deny Petitioner a re-parole on his 1981 conviction and sentence, when on the evidence, Petitioner has clearly demonstrated he has satisfied all criteria for parole, including a parole guideline score of "high probability for parole" (+11 points), and documented "VERY LOW" risk of reoffending; is for all purpose and effect a form of ENHANCING PUNISHMENT for his 1981 offense, is to erode the principle of Gideon, supra.  Since the defect in the prior 1971 conviction(s) was denial of the right to counsel, Petitioner, in effect, SUFFERS ANEW from the deprivation of that SIXTH AMENDMENT RIGHT.  Respondent's use/admission of the 1971 conviction's held to be constitutionally infirm under the standards of Gideon, is INHERENTLY PREJUDICIAL; and mere instructions to disregard it are NOT harmless beyond a reasonable doubt.  Burkett v Texas, supra., at 115.

   U.S. v Tucker, 404 U.S. 443 (1972) is to be applied to parole decisions.  Majchszak v Ralston, 454 F Supp 1137, 1142 (WD Wis. 1978).  "If then; a sentence cannot be founded even 'in part upon misinformation of constitutional magnitude,' Tucker, supra., at 447, neither can a decision as to the manner in which the sentence will be served (implicating as it does important interests in liberty, Morrissey v Brewer, 408 U.S. 471, 480-82 (1972)), be founded upon constitutionally invalid information.  If a prisoner cannot be sentenced on the basis of assumptions concerning his criminal record which were naturally untrue, Id.,

quoting <u>Townsend</u> v <u>Burke</u>, 334 U.S. 736, 741 (1948), then neither can a decision which affects his freedom, however restricted, be based on constitutionally impermissible considerations." <u>Wren</u> v <u>U.S. Bd of Parole</u>, 389 F Supp 938, 941 (ND Ga. 1975).

Petitioner is 68 yrs old, and has served approx. 40 yrs on his non-violent possessory drug offense, and draconian life sentence; having been arrested in 1979, and continuously incarcerated since arrest, except for an 8 month period on parole (that was said to have been violated on 7/15/05, for violation of a "technical" (parole) rule - Rule 4 conduct, some 15+ yrs ago!).

Petitioner reserves the right to provide evidentiary support in fact, and supporting case law and other authority, at time of briefing, and/or upon formal evidentiary hearing, or Rule 6 permission to engage discovery.

=======================

More pointedly, Petitioner argues he is entitled to habeas relief on his current 1981 drug law life sentence, in the form of an order for his "release" from confinement, because the Parole Authorities, for the past 15 yrs, have been, post 2004 expungement order, creating and using the unconstitutional 1971 convictions to **"ENHANCE"** the **PUNISHMENT** to which he was sentenced in his 1981 conviction; the "enhancement" being the Parole Authorities (both parole officer & parole board members), considered the 1971's in their decision making, adverse to Petitioner's interests, and that such use/consideration of the 1971's adversely affect the <u>length of time (service) of the 1981 life sentence, in formal prison confinement</u> (i.e., being at liberty on parole or not; and being physically confined in a prison cell or not).

It appears the Parole Authorities, post 2004 expungement order, to Petitioner's prejudice, did continue to create, use/consider the 1971's in their decisions to initiate and pursue a

parole violation; deny parole (take no-interest), and recommend the Governor deny Petitioner's commutation application. Certainly for all purpose and effect, this amounts to an "enhancement" of "punishment" for the 1981 offense. Petitioner's position is: BUT FOR PAROLE AUTHORITIES CREATION/CONSIDERATION OF THE 1971's, HIS PAROLE WOULD NOT HAVE BEEN REVOKED IN 2005; and, HE WOULD HAVE BEEN RE-PAROLED YEARS AGO. <u>1/</u>

Petitioner offers the following from <u>Lackawanna Cnty Dist Atty</u> v <u>Coss</u>, 532 U.S. 394, 404 (2001):

> "When an otherwise qualified § 2254 petitioner can demonstrate that his <u>current sentence</u> was enhanced on the <u>basis of a prior conviction</u> that was obtained where there <u>was a failure to appoint counsel</u> in violation of the Sixth Amendment, the <u>current sentence CANNOT STAND</u> and habeas relief is appropriate." (Emphasis added.)

Citing <u>U.S.</u> v <u>Tucker</u>, 404 U.S. 443, 449 (1972)(affirming vacatur of sentence that was based in part on prior uncounseled state convictions).

`Lackawanna, supra.`, at 402 further held: "a current sentence enhanced by an allegedly unconstitutional prior conviction, violates **Due Process.**"

On the facts, as applied to law, <u>Petitioner</u> is rightfully entitled to this Court's order, commanding his release on habeas corpus, from his current 1981 conviction/sentence.

1/ SEE language in <u>Feldman v Perrill</u>, 902 F2d 1445, 1449 (CA9 1990), cited in <u>Ward v Wolfenbarger</u>, 323 F Supp 2d 818, 828 (ED Mich. 2004)

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes   ☒  No

    (2) If you did not raise this issue in your direct appeal, explain why:  **Issue in Ground One was not ripe, and would have otherwise been wholly inappropriate; as the cause of action (issue) had not yet arose.**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    **See, p. 5, ante., #12(b)**
    ☐ Yes   ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   **N/A**

    Name and location of the court where the motion or petition was filed:   **N/A**

    Docket or case number (if you know):   **N/A**

    Date of the court's decision:   **N/A**

    Result (attach a copy of the court's opinion or order, if available):   **N/A**

    (3) Did you receive a hearing on your motion or petition?   **N/A**   ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   **N/A**   ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No   **N/A**

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:   **N/A**

    Docket or case number (if you know):   **N/A**

    Date of the court's decision:   **N/A**

    Result (attach a copy of the court's opinion or order, if available):   **N/A**

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
    **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:  N/A - there are no available state remedies.

See, p. 5, ante., #12(b)

**GROUND TWO:**   Parole Bd has repeatedly denied parole, in part, as a form of "VINDICTIVE RETALIATION," due to his exercise of constitutional right to challenge their use of expunged 1971 convictions.  U.S. Const., Am's 1, 5, 14

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See, and incorporate here, p. 5, ante., #12(a).  The asserted retaliation has a basis in fact and law, and is tied to Ground One.  This Ground (Two) has support in the law, in granting the requested release on habeas corpus.  See, Mickens-Thomas v Vaughn, 355 F 3d 294, 308-10 (CA3 2004); Marshall v Lansing, 839 F 2d 933, 947, 950 (CA3 1988); Thompson v Armontrout, 808 F 2d 28, 31-32 (CA8 1986); Savina v Getty, 1992 U.S. App. LEXIS 32609, at *4 (8th Cir.); Barnes v Wenerowicz, 2012 U.S. Dist. LEXIS 47117, at *31-32, 41-42, 56-57 (ED Pa.); Kindred v Spears, 894 F 2d 1477, 1479 (CA5 1990).

FACTUAL ASSERTIONS:  Shortly after the 2004 order for expungement in Ward II, Petitioner began challenging the MDOC/Parole Authorities continued creation, use/consideration of the 1971 convictions in its/their decision making process, adverse to Petitioner's interests; and as soon as the CA6 heard oral arguments,
Con't on p. 7a ...

(b) If you did not exhaust your state remedies on Ground Two, explain why:  See, and incorporate p. 5, #12(b).
Further, Petitioner has no remedy under 42 USC § 1983, as he has "3 strikes"; has no money to pay filing fee's, and therefore barred under 28 USC § 1915.  Further, his attempts to "grieve" the issue, as MDOC prison staff placed him on grievance restriction, have been blocked, making the grievance process futile.

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  See, and incorporate p. 6, ante., #12(c)(2).

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No  See, p. 5, ante., #12(b)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      N/A

Name and location of the court where the motion or petition was filed:      N/A

Docket or case number (if you know):      N/A

Date of the court's decision:      N/A

and issued its Opinion/Order in <u>Ward</u> III (342 F Appx 134 (CA6 2009), the Parole Bd
became more aggressive in denying parole; and when Petitioner prevailed in the CA6
in <u>Ward</u> v <u>Wolfenbarger</u>, CA6 #10-2287/2313, 11-2043, with a <u>remand</u> order entered
7/14/14, the parole authorities began instructing MDOC staff to retaliate in
various forms, such as, but not limited to incidents where Petitioner's
counselor(s) stated to Petitioner that the parole board asked them to "make prison
life very difficult" for Petitioner, unless he voluntarily dismissed the then
pending federal habeas action #03-cv-72701.  At the behest of the parole
authorities through MDOC prison staff, unofficially acting as agents for certain
parole board staff (from 2014 to 2019), prison staff began attacking Petitioner.
They purposely destroyed his personal typewriter; put him in the "hole" falsely
accusing him of smuggling into prison a tattoo motor (resulting in the dismissal
of that falsified misconduct report); disrupted #03-cv-72701 litigation when
transferring him 7 times to other punitive prison facilities, over a period of 7
months; placed him on grievance restriction (when he attempted to grieve
MDOC/Parole Bd continued disregard of the expunction order for the 1971
convictions; and the confiscation and destruction of his personal typewriter), to
the point he was unable to exercise his right to the grievance process; prison
staff poured water into his legal footlockers, destroying many of his files; and
of course, th  parole authorities continued use of the expunged 1971 convictions
in 2005 when deciding to initiate/pursue a "technical" rule 4 conduct parole
violation, instructing Petitioner's parole officer (Todd Kloska) to disregard
Judge Tarnow's 2004 expungement order; 2006 Parole Bd decision to revoke parole;
and 5 times since 2006 (to date) denying parole, and recommending to the Governor
denial of Petitioner's several commutation applications.  These are but only a few
of examples of Parole Bd/MDOC prison staff "vindictive retaliation."

Petitioner **reserves** the right, and will, at time of briefing, provide the
Court with several personal knowledge "affidavits" in a more detailed format,
attesting to the truth of these retaliatory assertions.

The evidentiary record will further support these (and more) factual
assertions and claims of "vindictive retaliation" perpetrated by Respondent's, due
to Petitioner's exercise of his constitutional right to challenge them relating to
their continued use/consideration of the ordered to be expunged 1971 convictions;
once this Court holds a formal <u>evidentiary hearing</u>, and/or permits Rule 6
discovery.

For case law requiring an evidentiary hearing on the issue of vindictive
retaliation, see <u>U.S.</u> v <u>Adams</u>, 870 F 2d 1140, 1146 (CA6 1989); <u>Kimberlin</u> v <u>White</u>,
7 F 3d 527, 531-32 (CA6 1993); <u>Weinstein</u> v <u>U.S.</u> Parole Comm'n., 902 F 2d 1451,
1456 (CA9 1990); <u>Williams</u> v <u>Hemingway</u>, 2002 U.S. Dist. LEXIS 6473, at *7-9 (ED
Mich.); <u>Barnes</u> v <u>Wenerowicz</u>, 2012 U.S. Dist. LEXIS 47117 (ED Pa.).

Result (attach a copy of the court's opinion or order, if available):     **N/A**

_____

_____

(3) Did you receive a hearing on your motion or petition?     **N/A**     Yes     No

(4) Did you appeal from the denial of your motion or petition?     **N/A**     Yes     No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     Yes     No
                                                                                    **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     **N/A**

_____

Docket or case number (if you know):     **N/A**

Date of the court's decision:     **N/A**

Result (attach a copy of the court's opinion or order, if available):     **N/A**

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :     **N/A - there are no available state**

**remedies.  See, p. 5, _ante.,_ #12(b); and p. 7, _ante.,_ GROUND TWO (b).**

_____

**GROUND THREE:** Given significant change in state law, Petitioner's continued
confinement under a life sentence, NOW rises to the level of **CRUEL** and/or **UNUSUAL**
**PUNISHMENT** under U.S. Const, and violates his **DUE PROCESS** rights., Am 5, 8, 14.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

This habeas petition has been suggested (approved) by Senior Dist Ct Judge
Arthur J. Tarnow, in case#: 03-cv-72201, Op/Ord 8/7/19, pp. 10-13.  Copy attached
hereto, and reported at _Ward v Wolfenbarger,_ 2019 U.S. Dist. LEXIS 132287 (Ward
IV).  Specifically, as suggested by Judge Tarnow, the constitutional issue/claim
here is: "CHALLENGING THE MICH. PAROLE BOARD'S DECISION TO DENY HIM PAROLE RELEASE
ON HIS 1981 CONVICTION FOR POSSESSION WITH INTENT TO DELIVER OVER 650 GRAMS OF
COCAINE."

**Con't on attached p. 8a ...**

Petitioner was arrested on his > 650 gram offense, on 3/21/1979; there were no aggravating circumstances in his case (i.e., no weapons or victims); has now been incarcerated for approx. 40 yrs; and is 68 yrs old. Before passage of Michigan's 2002 P.A. 665, 666, 670 (eff. 3/1/03), the penalty started off before year 1978 as a 2 yr maximum for any quantity. In Sept. 1978 it became mandatory life without parole. In Oct. of 1998, it became life with parole eligibility after 17½ yrs; then effective 3/1/03 the enactment of 2002 P.A. 665, 666, 670 took place, making "sentencing guideline" sentences mandatory for all amounts of cocaine. Petitioner's guidelines are a mere 51-85 months! Petitioner would argue that the mandatory provision of guideline sentencing under 2002 P.A. 665, 666, 670 is REMEDIAL LEGISLATION, and as such is to be applied RETROACTIVELY so as to permit Petitioner a resentencing under his guidelines. Moreso, given progressive legislative history, in penalty reduction, the mandatory life sentence Petitioner was given in 1981, should NOW be found to be overly "harsh," and constitute "CRUEL and/or UNUSUAL PUNISHMENT," under the U.S. Const., Am 8.

Yet, the Parole Board continues to treat Petitioner, and apply the same stringent "lifer" process (MCL 791.234), to him, as it would for a prisoner serving a life sentence for 2nd degree MURDER.

Notwithstanding legislative changes in the law, the Parole Board continues to deny Petitioner a re-parole; and continues to find no merit to Petitioner's several commutation applications; rather recommending to the Governor, commutation be denied. This denial is so, even though Petitioner satisfies ALL criteria to be paroled, or his life sentence commuted to a reasonable "term of years". His parole guidelines score is +11 (high probability for parole); he is rated VERY LOW assault, property and recidivism risk, has completed ALL available rehab. programs; is college educated (holding a 4.0 GPA); and has documented and guaranteed employment, housing and financing with his brother Ken in the State of Utah, who operates several of his own businesses in Salt Lake City, UT.

Only because Petitioner remains incarcerated under a "life" sentence, does the Parole Board have "discretion" to imprison him until the day he dies (the Parole Board has demonstrated a clear and convincing "ABUSE" of its discretion in Petitioner Ward's case); and that is so noting the Board is not required by state statute to provide "lifers" with any "written reasons" for confinement until death. See, Judge Tarnow's comments at pp. 10-11 of his 8/7/19 Op/Ord, hereto attached. On the facts and circumstances of Petitioner Ward's case, the Parole Board's repeated denial (no-interest) of re-parole, and recommendations to the Governor to deny commutation, are unconstitutionally ARBITRARY & CAPRICIOUS, amounting to cruel and/or unusual punishment, and violates his due process rights.

The Parole Board unconstitutionally refuses to take into consideration, the current "general concensus that the old sentencing regime that Petitioner was sentenced under in 1981 was too harsh," given the progressive change in (state) law; when choosing to continue treating him as a 2nd degree murder lifer, with no light at the end of the freedom tunnel.

In light of Judge Tarnow's comments, this Court should now revisit and reconsider the Supreme Court's holding in Harmelin v Michigan, ___ U.S. ___, as no longer to be applied to non-violent drug law offenders, sentenced to mandatory life under Michigan's now antiquated penalty scheme.

Petitioner reserves the right to expound on this topic issue, in fact and law, upon formal briefing, and/or presentation of expert witnesses in a formal evidentiary hearing on the matter.

Further, the Parole Board "abuses its discretion" when not reparoling him (only because he remains under the stigma status of "lifer", after his 15 yr old parole violation for a "technical" rule 4 - conduct, (i.e., alleged indecent exposure), where the criminal penalty is a mere 12 month maximum, MCL 750.335a. The Parole Board further "abuses its discretion" when refusing to recommend to the Governor, that the life sentence be commuted to a reasonable "term of years," in violation of Petitioner's DUE PROCESS rights under U.S. Const., Am's 5, 14.

(b) If you did not exhaust your state remedies on Ground Three, explain why: **Petitioner has no available state remedies.**

**See, and incorporate p. 5, ante., #12(b)**

**Further, at time of direct appeal from the conviction, Harmelin v Michigan, ___ U.S. ___ controlled.**

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **MCR 6.502 Motion for Relief from Judgement**

Name and location of the court where the motion or petition was filed: **Washtenaw Cnty Cir Ct Ann Arbor, MI**

Docket or case number (if you know): **79-13902-FY**

Date of the court's decision: **? (Can't recall)**

Result (attach a copy of the court's opinion or order, if available): **Motion denied**

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **1. Mich. Ct of Appeals 2. Mich. Supreme Court**

Docket or case number (if you know): **1. ? (Can't recall) 2. ? (Can't recall)**

Date of the court's decision: **1. ? (Can't recall) 2. ? (Can't recall)**

Result (attach a copy of the court's opinion or order, if available): **1. App for Lv - denied 2. App for Lv - denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    See, and incorporate p. 5, ante., #12(b)

Petitioner has no state habeas or administrative remedies.

**GROUND FOUR:**     N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:     N/A

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? N/A    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No    N/A

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed: ___N/A_____

_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): ___N/A_____

_____

_____

(3) Did you receive a hearing on your motion or petition?          N/A     ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?     N/A     ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes ☐ No     N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A_____

_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

___N/A_____

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: ___N/A_____

_____

_____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction? ☒ Yes ☐ No **(where applicable/possible)**

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: **N/A - and see, p. 5, ante., #12(b)**

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

**No - Otherwise N/A; and see Judge Tarnow's 8/7/19 Op/Ord - attached.**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition? ☒ Yes ☐ No **(But NOT challenging the conviction here)**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available. **See, Judge Tarnow's 8/7/19 Op/Ord, attached.**

**And, Petitioner has filed federal actions on other prior occasions, but he
can't recall any of the specific's; and over time, prison staff have lost or
destroyed his files, preventing him from fully answering this question.**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging? ☒ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. **Ward v Wolfenbarger, USDC, EDMI #03-cv-72701 (AJT). Motion for
Reconsideration and additional fact-finding, from attached 8/7/19 Op/Ord. But, again
Petitioner is NOT challenging his 1981 Washtenaw Cnty "conviction."**

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:   Am NOT challenging a state court "judgment" - however

(a) At preliminary hearing:   Fred Persons; Murdoch Hertzog; Joseph Jerkins

(b) At arraignment and plea:   Fred Persons

(c) At trial:   Glynn Barnett; David Jutkowicz

(d) At sentencing:   Glynn Barnett; David Jutkowicz

(e) On appeal:   SADO (Terrence Flanagan)

(f) In any post-conviction proceeding:   MCR 6.502 Motion - Lynn D'Orio; Federal Habeas:
#03-cv-72701 = Todd Shanker, Brandy Robinson (both Fed Defender Off.);
~~Robyn Frankel; Haralambos Mihas~~

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A - None

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?   ~~☐ Yes   ☐ No~~   N/A

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

1) Petitioner does not challenge his judgment of conviction;   2) Judge Tarnow
~~in the hereto attached 8/7/19 Op/Ord, pp. 12-13, suggested (approved) this~~
habeas petition.   NOTE: This habeas petition and relief sought may be proper
~~under either/OR 28 USC § 2254; 28 USC § 2241~~

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     **See, attached p. 15a ...**

_____

_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)
**Michael C. Ward #128267/Pro-per**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     **8/26/19**     (month, date, year).

Executed (signed) on     **8/26/19**     (date).

_____
**Michael C. Ward #128267**
**Macomb Corr Fac**
**34625  26 Mile Rd.**
**Lenox Twp., MI 48048**

_____

Signature of Petitioner
**Michael C. Ward #128267/Pro-per**

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**N/A**

_____

_____

_____

**RELIEF**:

1. Liberally construe this pro-per prisoner petition;

2. Appoint counsel (who has experience and is competent in the issues/claims herein), to represent Petitioner. 18 USC § 3006A; 28 USC § 1915. Petitioner has no financial means with which to hire legal counsel. See, accompanying application to proceed IFP. Counsel is needed to perform duties Petitioner cannot, as a prisoner without money, (i.e., investigations, gather information to satisfactorily complete this habeas form; attempt settlement; perform in discovery (depositions, etc); prepare and file pleadings; give oral arguments, and perform in all area's relative to an evidentiary hearing (locating & subpoenaing witnesses, etc.), should the Court require such a hearing;

3. Issue a Show Cause order upon Respondent's; and set a briefing schedule;

4. Permit Rule 6 (§ Governing § 2254 Cases), full DISCOVERY allowance.

5. Schedule this case for a formal EVIDENTIARY HEARING. See, 28 USC § 2254(e)(2)(A)(ii); Rule 8(a), § 2254; Machibroda v U.S., 368 U.S. 487, 494-95 (1962); Townsend v Sain, 372 U.S. 293, 313-22 (1963); Blackledge v Allison, 431 U.S. 63, 81 (1977); U.S. v Adams, 870 F 2d 1140, 1146 (CA6 1989); Sawyer v Hofbauer, 299 F 3d 605, 610 (CA6 2002); Sandoval v Ulibarri, 540 F 3d 902, 915 (CA10 2008)(A petitioner can obtain an evidentiary hearing in federal court by showing that, taking his allegations as true, he would prevail on his claim.)

6. Order Petitioner's release from state confinement on habeas corpus; *alternate,*

7. Order that Petitioner be released from confinement to "parole." This Court has flexible discretion to fashion any and all appropriate relief, including an order for his release to parole. See, 28 USC § 2243 (as law and justice require); Hilton v Braunskill, 481 U.S. 770, 775 (1987); Wilkinson v Dotson, 544 U.S. 74, 86 (2005); Dyer v Morrow, 499 F Appx 505, 511 n.9 (CA6 2012); Turner v Bagley, 401 F 3d 718, 727 (CA6 2005); Barnes v Wenerowicz, 2012 U.S. Dist. LEXIS 47117, at *31-32, 41-42, 56-57 (ED Pa.).

8. Remand to the Washtenaw Cnty Cir Ct, with instruction to resentence Petitioner under his "guidelines."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

        Petitioner,

v.

HUGH WOLFENBARGER,

        Respondent,

_____/

Civil Nos. 03-CV-72701-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER ON REMAND MODIFYING THE TERMS OF THE GRANT OF THE WRIT OF HABEAS CORPUS AND RESOLVING PETITIONER'S PENDING MOTIONS (Doc. 347, 349, 350)

This matter is on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner seeks enforcement of this Court's order of September 13, 2004 granting petitioner habeas relief on his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c) and ordering that these two convictions be expunged from his record.

For the reasons that follow, the Court modifies the terms and conditions of the original grant of the petition for writ of habeas corpus.

### I. Background

On June 30, 2004, this Court granted a writ of habeas corpus to Petitioner, on the ground that he had been deprived of his right to appeal and his Sixth

1

*Ward v. Wolfenbarger,* 03-72701

Amendment right to appellate counsel on his 1971 convictions, because the state

trial court failed to advise Petitioner that he had a right to appeal and had a right

to the appointment of appellate counsel if he was indigent. *See Ward v.*

*Wolfenbarger,* 323 F. Supp. 2d 818, 828-30 (E.D. Mich. 2004). The Court

conditioned the granting of the writ upon respondent taking immediate action to

afford Petitioner an appeal of right to the Michigan Court of Appeals with the

assistance of appellate counsel. *Id.*

Petitioner filed a motion for reconsideration and/or clarification of the

Court's opinion and order. On September 14, 2004, the Court granted

Petitioner's motion for reconsideration and ordered that an unconditional writ of

habeas corpus issue in this case. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d

773 (E.D. Mich. 2004). This Court believed that it erred in granting a conditional

writ of habeas corpus, rather than an unconditional writ of habeas corpus, in light

of the prejudice that Petitioner would suffer from any further delays in adjudicating

his claims in the state appellate courts. Petitioner had been deprived of his Sixth

Amendment right to the assistance of counsel on appeal when he was not

advised on the record by the state trial court of his right to appeal or his right to

the appointment of appellate counsel. Thirty three years had elapsed since the

time of Petitioner's conviction. Because of the substantial delay, this Court

determined that there was no way that granting Petitioner a new appeal of right

2

*Ward v. Wolfenbarger,* 03-72701

with the Michigan Court of Appeals would vitiate any prejudice arising from the

denial of Petitioner's right to appeal his 1971 convictions. *Id.* at 775-76.

The Court declined to order Petitioner's release from incarceration on these

convictions, because the sentences on his 1971 convictions had expired.

Instead, the Court concluded that Petitioner was entitled to have these 1971

convictions and all of the effects stemming from them expunged from his record.

*Ward,* 340 F. Supp. 2d at 776-77.   The Court vacated the judgment of conviction

against Petitioner for the offenses of possession of LSD and possession of

marijuana from the Huron County Circuit Court from January 20, 1971 and

ordered that the record of conviction be expunged. *Id.*  The Court further ordered

the Clerk of the Circuit Court of Huron County, Michigan to forward a copy of this

Court's order to any person or agency that was notified of Petitioner's arrest or

conviction involved with these offenses. *Id.*

Petitioner has several times come before this Court, claiming that

respondent failed to fully comply with the terms of the writ.  Petitioner specifically

claimed that his 1971 convictions were being used to deny him parole on his

1981 conviction for possession with intent to deliver 650 or more grams of

cocaine, contrary to M.C.L.A. 333.7401 (1) and (2)(a)(i).  This Court several times

denied Petitioner permission to reopen his case, concluding that Petitioner

presented insufficient evidence to show that the Michigan Parole Board (MPB)

3

*Ward v. Wolfenbarger,* 03-72701

was using these 1971 convictions to deny parole to Petitioner.

In 2009, the Sixth Circuit affirmed one of the Court's decisions to deny Petitioner permission to reopen his habeas petition. *See Ward v. Wolfenbarger,* 342 F. App'x. 134 (6th Cir. 2009); *cert. den.* 130 S. Ct. 1291 (2010). The Sixth Circuit concluded at that time that Petitioner had offered "nothing other than speculation" that the Michigan Parole Board took into account the vacated 1971 convictions in a way that prejudiced his shot at parole. *Id.,* at 137.

Nonetheless, on July 14, 2014, after this Court had again denied Petitioner's request to enforce the writ, this case was remanded by another panel of the United States Court of Appeals from the Sixth Circuit for a determination of whether Petitioner's 1971 convictions, which this Court had ordered expunged, were still being used by the Michigan Department of Corrections (M.D.O.C.) to classify Petitioner and to determine his parole eligibility on his 1981 conviction. *Ward v. Wolfenbarger,* No. 10-2287/2313, 11-2043 (6th Cir. July 14, 2014)(ECF 162). The Sixth Circuit noted that both parties had presented evidence to that court involving several documents from the M.D.O.C. concerning Petitioner's current incarceration on his 1981 conviction. These documents still listed Petitioner's 1971 convictions and also list Petitioner as having a "B" prefix, suggesting that the M.D.O.C. is still using the 1971 convictions against Petitioner  in establishing his security classification. *Id.* at * 3-4 (ECF 162, Pg ID 22478-79).

4

*Ward v. Wolfenbarger,* 03-72701

The Sixth Circuit then noted the following:

> We will not consider new facts in the first instance on appeal and deny
> the motions to supplement the record on appeal. See Fed. R. App. P.
> 10(a); *United States v. Husein*, 478 F.3d 318, 335-36 (6th Cir. 2007).
> Nonetheless, these documents raise unanswered factual questions 
> about whether Ward is still being classified based on the expunged
> 1971 convictions and whether his eligibility for parole has been
> adversely affected by the expunged convictions. The problem, as we
> see it, stems in part from the wording of the district court's order in
> *Ward II* [340 F. Supp. 2d 773 (E.D. Mich. 2004], which did not explicitly
> instruct the State of Michigan to remove references to the expunged
> convictions in any document that might be used against Ward or
> instruct the State to reclassify him without using the expunged
> convictions. However, although the State of Michigan was not
> specifically ordered to remove the notation from documents viewable
> by the MPB [Michigan Parole Board], the State was certainly on notice
> that it was expected to do so and that it was under a duty to ensure that
> Ward suffered no collateral consequences from the expunged
> convictions. See *Ward III* [342 F. App'x.] at 136-37.

*Id.* at * 4 (ECF 162, Pg ID 2579).

The Sixth Circuit remanded the matter to this Court for further findings of

fact.  The Sixth Circuit concluded:

> The district court may also consider granting relief in the form of a
> modified *Ward II* order explicitly instructing the State of Michigan to
> remove all references to the 1971 convictions from records that may be
> presented to the MPB and, if necessary, ordering that Ward be
> reclassified without consideration of the expunged convictions. The
>  relief ordered should be designed to finally resolve this matter with
> clarity.

*Id.* at * 4.

The matter is now before this Court.  Petitioner's first counsel filed a brief

*Ward v. Wolfenbarger,* 03-72701

on petitioner's behalf. (ECF 277).  Petitioner has also filed an extensive *pro per*

supplemental brief on his own behalf, after his last counsel had been permitted to

withdraw. (ECF 302).  Respondent has filed a response to the brief. (ECF 325).

Petitioner has presented evidence through his numerous pleadings that

several documents from the M.D.O.C. concerning Petitioner's current

incarceration still list Petitioner's 1971 convictions and also classify Petitioner as

having a "B" prefix, which suggests that the M.D.O.C. is still using the 1971

convictions against Petitioner in establishing his security classification.

Respondent in his answer admits that Petitioner has submitted numerous

documents from the M.D.O.C. which still list his expunged 1971 convictions and

also give Petitioner a "B" prefix on his security classification.  The Court will

accept the factual allegations contained within Petitioner's briefs and supporting

documents concerning the continued references to his expunged 1971

convictions by the M.D.O.C., because the respondent has not disputed these

factual allegations in his answer. *See Cristini v. McKee,* 526 F. 3d 888, 894, n. 1

(6th Cir. 2008)("When a state's return to a habeas corpus petition fails to dispute

the factual allegations contained within the habeas petition, it essentially admits

these allegations"); *Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich.

2002)(same).

A federal district court retains jurisdiction to determine whether a party has

6

*Ward v. Wolfenbarger,* 03-72701

complied with the terms of a conditional order in a habeas case. *Phifer v.*

*Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995).

When the state fails to cure the error, i.e., when it fails to comply with the

conditions of grant of conditional writ in habeas corpus proceedings, a conditional

grant of a writ of habeas corpus requires the petitioner's release from custody.

*See Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006).  "[T]he

conditional nature of the writ also places within the district court the power to

determine that its order has been substantially complied with and release is not

warranted." *Ward,* 342 F. App'x. at 137 (*quoting McKitrick v. Jeffreys,* 255

Fed.Appx. 74, 76 (6th Cir. 2007)).  A court can also modify the conditions of a writ

of habeas corpus if there is significant change either in the factual conditions or in

the law. *See Harvest v. Castro,* 531 F.3d 737, 748 (9th Cir. 2008).



The Court has reviewed the pleadings and exhibits filed by the parties.

The Court declines to order Petitioner's release because he has not shown that

respondent failed to comply with the Court's order from 2004 *as written* when the

M.D.O.C. failed to remove all references to Petitioner's 1971 convictions from

their records.  As the Sixth Circuit pointed out in its remand order, at the time this

Court granted the unconditional writ on September 13, 2004, the Court only

ordered the expungement of these convictions but did not explicitly order that

these expunged 1971 convictions could not be referred to in Petitioner's parole



*Ward v. Wolfenbarger*, 03-72701

file, considered by the Michigan Parole Board, or be used for Petitioner's security classification. Thus, any continued references did not specifically violate the terms of the 2004 order. *+ case law*

That said, common sense would dictate that an order expunging a habeas petitioner's conviction would suggest that all references to that conviction should be removed from all records pertaining to that petitioner, including his or her prison and parole records. The State of Michigan was certainly on notice by the  time of Petitioner's 2009 appeal that continued references to the expunged 1971 convictions in Petitioner's parole or institutional records might be problematic.

Judge Jeffrey S. Sutton in his concurring opinion stated the following: 

> I join Judge Martin's opinion in full because, as he correctly observes, the remaining references to Ward's expunged convictions have not harmed his appeals to the parole board. I write separately merely to note that the Michigan Department of Corrections could have saved itself a lot of trouble by eliminating those references in the first place or perhaps by developing a better procedure for ensuring such references are removed. I understand that the Department operates on a tight budget, and I am "not insensitive to the challenges faced" by the Department in "attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks." *Jones v. Bock*, 549 U.S. 199, 224, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). But Ward's suit is not frivolous. He lost on the merits not because he and his attorneys failed to show problems with the Department's expungement of his conviction but because he has not shown that its mistakes harmed his case before the parole board. With a different prisoner and a different fact pattern, stray references to an expunged conviction might well affect a parole case in a cognizable way. 

*Ward v. Wolfenbarger*, 342 F. App'x at 138 (Sutton, J., concurring).

*Ward v. Wolfenbarger*, 03-72701

This Court agrees with Judge Sutton's assessment: All of the parties would have been better off had all references to Petitioner's 1971 convictions been eliminated from his records. The Sixth Circuit in its remand order suggested that this Court modify the original terms of the writ of habeas corpus and "explicitly instruct[ing] the State of Michigan to remove all references to the 1971 convictions from records that may be presented to the MPB [Michigan Parole Board] and, if necessary, ordering that Ward be reclassified without consideration of the expunged convictions." *Ward v. Wolfenbarger*, No. 10-2287/2313, 11-2043, * 4. This Court believes that this would be the most equitable option to the parties.

Accordingly, the Court modifies the terms of the grant of the writ of habeas corpus to include the following conditions: The State of Michigan shall remove all references to the expunged 1971 convictions from any and all records submitted to the Michigan Parole Board. The Michigan Department of Corrections shall also remove any references to the expunged 1971 convictions from any records regarding Petitioner's security and institutional classification. The M.D.O.C. shall reassign Petitioner an "A" prefix to his institutional record. A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order. *Ward v. Wolfenbarger*, 340 F. Supp. 2d at 777.

Petitioner also has before this Court three pending motions.

*Ward v. Wolfenbarger,* 03-72701

Petitioner has filed a motion to reopen any docket entries concerning prior *pro per* motions that had been stricken because petitioner had previously been represented by counsel. (Doc 347). In a prior order dated February 26, 2019, (Doc. 333), this Court allowed Petitioner to resume filing *pro se* pleadings on his part after his third counsel was permitted to withdraw. Petitioner's current motion will be granted and the Court rescinds any orders striking Petitioner's previous *pro se* motions.

Petitioner also filed a motion to compel the prison librarian to make copies of the Federal Court Rules for Petitioner to use in court should oral argument or evidentiary hearings be required. (Doc. 349). This Court is granting Petitioner relief without the need for an evidentiary hearing; Petitioner will not need to bring any court rules to Court. The motion is denied as moot.

Petitioner has lastly filed a motion to compel the M.D.O.C. to provide him with the names and other information of the people who were involved in attempts to settle this case.

At a telephonic conference on October 30, 2018, this Court urged the parties to try and reach an out of court settlement in this case. Petitioner is serving a parolable life sentence for possession with intent to deliver 650 or more grams of cocaine, contrary to Mich. Comp. Laws § 333.7401 (1) and (2)(a)(i). Petitioner was sentenced in 1981 and has served almost thirty-eight years in 40 (Since 3/21/79)

10

*Ward v. Wolfenbarger*, 03-72701

prison for this offense, minus a brief time on parole. Petitioner is sixty eight years

old and suffers from a number of health problems. Effective March 1, 2003, the

Michigan's Controlled Substances Act was amended pursuant to 2002 P.A. 665 *Not retroactive*

to provide for different penalty schemes. This law eliminated the mandatory life

sentence provision for possession with intent to deliver over 650 grams of

cocaine, reflecting a general consensus that the old sentencing regime that

petitioner was sentenced under was too harsh.

At least one federal judge has noted "the possible value of promoting

settlement negotiations in habeas corpus actions." *Washington v. Sobina*, 471 F.

Supp. 2d 511, 518 (E.D. Pa. 2007). This judge believed that a settled negotiation

of a habeas corpus would offer the same benefits to the parties that are afforded

through the plea bargaining process in criminal cases. *Id.* (Citing to Anup Malani,

*Habeas Settlements*, 92 VA. L.REV. 1, 18-19 (2006)). Judges should "provide a

much needed stimulus, or at least plant the settlement seed in" the minds of the

parties to a habeas case. *Id.*

This Court believed that a settled negotiation of this case between the

Michigan Department of Corrections, the Michigan Parole Board, the Michigan

Attorney General, and Petitioner, would have been in the best interests of the

parties and the citizens of the State of Michigan. This Court still believes that to

be the case.

11

*Ward v. Wolfenbarger*, 03-72701

On April 18, 2019, this Court gave the parties 120 days to attempt to settle

the case.  The parties have now filed updates to the settlement status. (ECF 351-

54).  It does not appear that the parties will be able to reach a settlement on this

case that is agreeable to both parties.

Petitioner in his current motion is attempting to pressure the M.D.O.C. and

the Michigan Attorney General into settling the case.  This Court, while

sympathetic to Petitioner, and of the belief that his continued incarceration does

nothing to advance the public safety of the State of Michigan or its citizens, does

not have the power to force respondent to settle the case and grant Petitioner

parole.  "Although judges should encourage and aid early settlement, however,

they should not attempt to coerce that settlement." *In re NLO, Inc.*, 5 F.3d 154,

157 (6th Cir. 1993).  Indeed, "while settlement can and should be both

encouraged and facilitated by a court it cannot be forced upon the parties." *In re*

*Dow Corning Corp.*, 211 B.R. 545, 576 (Bankr. E.D. Mich. 1997).  A "district court

is under no obligation to force the parties to settle." *Blue v. Coca-Cola*

*Enterprises, Inc.*, 43 F. App'x. 813, 816 (6th Cir. 2002).  Accordingly, Petitioner's

motion to obtain information regarding the names of the parties involved in the

settlement negotiations (Doc. 350) is denied.

Finally, to the extent that Petitioner is challenging the Michigan Parole

Board's decision to deny him parole release on his 1981 conviction for

12

*Ward v. Wolfenbarger*, 03-72701

possession with intent to deliver over 650 grams of cocaine, he should challenge

that parole denial by means of a separate habeas petition.

## ORDER

**IT IS ORDERED THAT The terms and conditions of the writ of habeas**

**corpus issued on September 13, 2004 are modified as follows: the Michigan**

**Department of Corrections shall remove all references to the expunged**

**1971 convictions for possession of LSD and possession of marijuana from**

**any records that are or will be submitted to the Michigan Parole Board.  The**

**Michigan Department of Corrections is also ORDERED to remove any and**

**all references to the expunged 1971 convictions from Petitioner's security**

**and institutional classification.  The Michigan Department of Corrections**

**shall change Petitioner's prefix to an "A".**

Petitioner's remaining motions are resolved in accordance with the terms of

this opinion.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

DATED: August 7, 2019

13

Michael Ward #128267
Macomb Correctional Facility
34625 26 Mile Rd.
Lenox Twp., 48048

(PLS)

1st Class



CLERK of the Court
U.S. District Court, E.D. Mich.
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9999 9170 3406 3116 51

Label 400 Jan. 2013

1st
Class

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 19-12543 | **Judge:** Arthur J. Tarnow | **Magistrate Judge:** Patricia T. Morris |

| **Name of 1st Listed Plaintiff/Petitioner:** | **Name of 1st Listed Defendant/Respondent:** |
|---|---|
| MICHAEL C. WARD | PATRICK WARREN, WARDEN |

| **Inmate Number:** 128267 | **Additional Information:** |
|---|---|
| **Plaintiff/Petitioner's Attorney and Address Information:** | |

**Correctional Facility:**

Macomb Correctional Facility

34625 26 Mile Road
New Haven, MI 48048
MACOMB COUNTY

---

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes    ☒ No
   ➢ **If yes, give the following information:**
      Court: _____
      Case No: _____
      Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes    ☒ No
   ➢ **If yes, give the following information:**
      Court: _____
      Case No: _____
      Judge: _____