

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

v.

PATRICK WARREN, Warden, et al., **1/**

    Respondent's.
_____/

CASE NO. 19-CV-12543

HON. ARTHUR J. TARNOW
Senior U.S. Dist Ct Judge

PRO-PER ORAL ARGUMENT & EVIDENTIARY
HEARING REQUESTED
[Writ to Issue to Have Prisoner Brought to Court]

### PETITIONER'S MOTION FOR RELEASE ON BOND **\*/**
with
MEMORANDUM OF LAW

NOW COMES Petitioner, MICHAEL WARD, pro-se, and moves this Honorable Court for an order releasing him on bond, for reason and good cause, as follows:

A. This habeas action is essentially an extension of Ward v Wolfenbarger, #03-cv-72701 (AJT), filed on the suggestion of Hon. Arthur J. Tarnow. See, 8/7/19 Op/Ord (Dkt# 355).

B. See, and incorporate Petitioner's pending Motion for Release on Bond, dated: 12/4/19 (filed 12/9/19)(Dkt# 386), in the related case of, Ward v Wolfenbarger, #03-cv-72701 (AJT)

C. Petitioner believes the Court has, or will soon, find Petitioner has stated a "substantial claim of law based on the facts, and exceptional circumstances justifying special treatment in the interest of justice." See, Memo of Law, attached. And see, further below.

D. This habeas action was filed 8/29/19 (Dkt# 1). On 10/9/19 this action was assigned to Mag. Judge Patricia T. Morris, whom

---

**1/** Patrick Warren was Warden at time of filing this habeas petition. The Acting Warden is currently "Willis Chapman". "Warren" was removed from office, after filing this habeas petition, due to charges of "fraud" and "sex misconduct".

**\*/** In the related case of Ward v Wolfenbarger, #03-cv-72701, Petitioner Ward has pending before the Court, a similar MOTION FOR ORDER OF RELEASE ON BOND, Dkt# 386.

determined that under Rule 4, Rules Governing § 2254 Cases, this action was <u>not</u> subject to summary dismissal, and ORDERED: 1) the Clerk to serve a copy of the 10/9/19 Order and petition on "Respondent" <u>and</u> the Michigan "Attorney General," "by FIRST CLASS MAIL as provided in Rule 4;" and 2) that Respondent file a response to the petition in accordance with Rule 5, Rules Governing § 2254 Cases by 12/10/19; and 3) "Petitioner shall have 45 days from the date of the responsive pleading to submit a reply"; and 4) that Respondent file with the Clerk Rule 5 materials.

E. Instead of complying with the Order of Mag. Morris, to file a response (on the merits) to the habeas petition, in accord with Rule 5, Rules Governing § 2254 Cases; the same Respondent counsel (Linus Banghart-Linn) as in the related case of <u>Ward v Wolfenbarger</u>, #03-cv-72701 (AJT), on 12/10/19 filed a "Motion to Dismiss," with supporting brief (Dkt# 7)(on the <u>last day</u>, as ordered by Mag. Morris).

F. Respondent's motion to dismiss, on its face, is clearly without merit, and otherwise <u>frivolous</u>.

a) Petitioner alleges that Respondent's motion to dismiss was intentionally filed, in lieu of a response to the habeas petition on its merit, for purpose of creating <u>prejudicial</u> **DELAY**; counsel for Respondent believing his motion to dismiss will, in effect, provide him with an <u>extension of time</u> to respond to the habeas petition, on its merit; noting Petitioner had filed a "Pre-emptive Motion Voicing his Objection to Granting any Extensions of Time for the filing of Respondent's Answer/Brief to the Habeas Petition," (dated: 11/15/19 [filed: 11/18/19]), **Dkt# 6**.

b) Respondent's motion to dismiss, is made and filed in <u>bad faith</u>, with intent to abuse the Court Rules, by creating a "tactical" maneuver, delaying these proceedings, to Petitioner's prejudice. <u>See</u>, Memo of Law, attached.

G. Respondent's counsel (Linus Banghart-Linn) has established a <u>pattern and practice</u> of abusing his station, by knowingly being an "accomplice" to and "conspiring with," his counsel of record (John S. Pallas), in <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701, <u>suborning</u> his Respondent clients "<u>PERJURY</u>," [2] "deliberately misleading the Court on matters of material fact," all for the purpose of creating **DELAY**, prejudicial to Petitioner; knowing each day delayed, is another delay of <u>unconstitutional</u> confinement in a prison cell.

1. In <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701 (AJT), this Court entered it's Opinion & Order, in effect granting Petitioner a <u>Conditional Writ of Habeas Corpus</u>. That being so, as such, Petitioner Ward should be eligible for bond pending final resolution of both that <u>and</u> this habeas action; noting, in habeas action #03-cv-72701, pending decision before the Court is Petitioner's 8/16/19 "Motion for Reconsideration," (of 8/7/19 Op/Ord)(Dkt# 357), as supplemented, Dkt#'s 361-363, 366, 367, 372, 381.

a) In <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701, the Court, on 8/7/19 ordered Respondent's (thru their counsel Linus Banghart-Linn), that within 30 days, were to remove all references to the 1971 convictions (at issue both in case#'s 19-cv-125453 & 03-cv-

---

[2] Both Linus Banghart-Linn and John S. Pallas are counsel's of record for Respondent's in <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701; Linus Banghart-Linn being lead counsel. Petitioner has filed in that habeas action, a "Motion for Order Finding and Sanctioning/Prosecuting Respondent Agent "Perjury," dated 10/10/19 [Filed 10/15/19], (Dkt# 373); and a formal <u>grievance</u> against John S. Pallas, with the Mich. Atty. Grievance Commission. See, grievance attached to "Petitioner's 2nd Supplement of Documents in Support of Pending Motion for Reconsideration, re: AGC Grievance against counsel of

72701) from Petitioner's files maintained by the Dept of Corrections (DOC), and Parole Authorities; and, to file with the Court a "Certificate of Compliance," (Dkt# 355). The 8/7/19 Op/Ord was said to have "modified" Ward v Wolfenbarger, 340 F Supp 773 (ED Mich. 2004); which was also a "conditional" writ of habeas corpus, (subject to Respondent's compliance with the Court's 2004 expungement order).

b) On 9/6/19 (the 30th day) Respondent's counsel filed a "Statement of Certificate of Compliance," (Dkt# 364); to which Petitioner filed his "objections" thereto (Dkt# 370), as supplemented, (Dkt# 374).

c) As stated in his "objections" (as supplemented) to Respondent's "certificate of compliance," Petitioner has reason to believe Respondent's counsel has misled this Court, and that in fact, "all" file's (electronic & hard copy) maintained by the "DOC," parole authorities, and Governor's Office (on pending commutation application), in fact, have not been attended to, or completely (100%) purged of the 1971 conviction references.

2. As of date, Respondent's have not provided Petitioner with a full, fair, and meaningful "genuine reconsideration" (based on the alleged [but believed to be false] removal of all references to the 1971 convictions from "all" file's), of the several decisions made while prejudicially and unconstitutionally using/considering the unconstitutional 1971 convictions: 1) by parole officer (Todd Kloska), when in 2005 deciding whether or not to initiate and pursue a parole violation/revocation; 2) in 2006 at time of formally revoking Petitioner's parole; 3) from years

---

2/ Con't ... record, John S. Pallas," dated 11/15/19 [filed 11/19/19], (Dkt# 381). Petitioner intends shortly, to file an AGC grievance against Linus Banghart-Linn, charging him with being an accomplice and conspiring with his partner, John S. Pallas to suborn perjury, and commit fraud & malpractice, in the related case of Ward v Wolfenbarger, #03-cv-72701 (AJT).

2007 to 2017 in the parole board's actual and several denials of parole (no-interest); and 4) in the parole board's 2018 recommendation that the Governor deny Petitioner a commutation of his life sentence to a term of years.

a) Petitioner's next scheduled parole "file review," (consideration) is not until 9/3/2022! <u>Placing Petitioner on BOND at this time, will help reduce the present PREJUDICE</u> due to Respondent's present and consistent tactical measures, creating <u>UNWARRANTED DELAY</u>, POST 9/6/19 alleged (certified) "correction of the [Respondent's file's] record." Without being placed on bond, at this time, Petitioner is, and will continue to, suffer an irreparable violation of his <u>DUE PROCESS</u> rights under the Constitution, U.S. Const., Am's 5, 14. See, <u>Palmer</u> v <u>Judge & Dist. Atty General</u>, 411 F Supp 1029, 1034 (WD Tenn. 1976); <u>U.S. ex rel Hill</u> v <u>Deegan</u>, 268 F Supp 580, 584 (S.D.N.Y. 1987)("The fact that a state may finally be ready to move when the federal court raises it's hand in a habeas corpus proceeding is no cure for the <u>infection</u> and <u>potentially irreparable injury wreaked by the DELAY</u>.").

b) See, <u>Tunks</u> v <u>Sigler</u>, 427 F Supp 455, 456-57 (CD Calif. 1976)("This court holds that the <u>mere correction of the record, without any evidence that there was a GENUINE RECONSIDERATION of the decision based on that record, constitutes a denial of DUE PROCESS</u>."). "It is the <u>burden</u> of the Board of Parole, <u>not the parolee</u>, to see that a <u>proper</u> hearing is conducted." <u>Ex parte Maceyra</u>, 690 S.W. 2d 572, 577 (Tex. Crim Ct App 1985), citing <u>Preston</u> v <u>Piggman</u>, 496 F 2d 270, 274 (CA6 1974); <u>Tunks</u> v <u>Sigler</u>, <u>supra.</u>, at 457.

c) As held in <u>Tunks</u>, it is effectively meaningless to order (for the umpteenth time) Respondent's to perform the act of removal, and their alleged compliance, without any evidence (renewed "genuine reconsiderations' by the several parole authorities), based on the alleged revised record. <u>Meantime, to Petitioner's actual and real prejudice and injury, he "arbitrarily and capriciously" remains confined in a prison cell</u>.

3. If released on bond, this Court and the parties would benefit: 1) Petitioner would prove himself worthy by appearing in Court or back to prison, when required; 2) he would be in a better position to search for and hire legal counsel to assist him in further matters relating to this case; 3) he would be able to prove himself worthy, and not a risk, when only then able to make a record of being law abiding, gainfully employed; and performing in charitable events when called upon; all at his own expense, and not at the expense of the Court or Respondent's.

4. Petitioner satisfies the criteria for being released on bond, "pending a decision on the merits," of <u>this</u> habeas action, #19-cv-12543. <u>See</u>, Memo of Law, attached.

a) Petitioner poses <u>NO</u> risk of flight. He is 68 yrs of age; is college educated; has no history of flight or failure to appear; and has a place of residence, employment, and financial support, at his beck and call, either with an attorney friend of his, or family member; both in the State of Michigan, and should the Court require, locally, in the Detroit area. Upon instruction, Petitioner can provide the Court with specifics. Further, Petitioner has served over 40 yrs on a non-violent

possessory, drug law offense; and in the Court's own opinion (see 8/7/19 Op/Ord), Petitioner has served enough prison time. The only reason Petitioner has not yet been released to parole, is because the MDOC/Parole Authorities abuse their discretionary power, and remain vindictively retaliatory, due to Petitioner exercising his constitutional right to challenge them.

b) Petitioner does NOT pose a danger or risk to the public if released on bond. As the documents of record in the related case of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701 show, the "DOC" and even certain members of the parole board, have rated Petitioner as "LOW" or "VERY LOW" recidivism, assault and property risk. He has no history (in or out of prison), of any violent or physical confrontation type behavior. He has served over 40 yrs on a non-violent possessory drug offense; and is 68 yrs of age. He has completed all available "DOC" rehabilitation programs/classes, and hold numerous certificates of completion. While in prison, he has received a 4.0 GPA in American Criminal Law; and Business Law I & II. There were no victims, weapons or violence involved in his 1979 criminal drug offense for which he is currently serving.

c) The State of Michigan (Respondent's) NO LONGER have any legitimate interest in continuing custody and rehabilitation of Petitioner. Again, he is 68 yrs of age; served over 40 yrs incarceration on a non-violent possessory drug offense; is rated by "DOC" as LOW-VERY LOW recidivism, assault, property risk; is college educated; and has completed (with certification) <u>ALL</u> available rehab. programs/classes; and the DOC/Parole Authorities refuse to "recommend" any further programming, (inferring that his

-7-

rehabilitation is complete). If released, Petitioner has in waiting, home, employment & financial support. Further, the Court, in it's 8/7/19 <u>Wolfenbarger</u> Op/Ord (Dkt# 355), is believed to have taken the position that Petitioner has already served <u>too much time</u> for his non-violent offense.

d) Petitioner has a bona-fide and legitimate interest in his release pending any further legal proceedings in this case. <u>DELAY, AND CONTINUED UNCONSTITUTIONAL CONFINEMENT,[3] IS "INHERENTLY PREJUDICIAL"</u> (<u>Burgett</u> v <u>Texas</u>, 389 U.S. 109, 115 (1967)); amounting to what Petitioner believes to be past and present <u>unconstitutional</u> incarceration.

The record establishes Respondent's have not been candid or cooperative with either this Court (since 2004 to date present, being in contempt, having failed to <u>timely</u> remove all references to the 1971 convictions, from all relevant file's), or Petitioner (Respondent's refusing to be accountable and transparent; not providing the Court or Petitioner with exhibits cited in their primary brief in the <u>companion Wolfenbarger</u> case; objecting to, and misleading the <u>Wolfenbarger</u> Court in crucial discovery matters; committing and suborning <u>perjury</u> in the <u>Wolfenbarger</u> case; and, refusing to come to a reasonable "settlement" agreement in the <u>Wolfenbarger</u> case).

In addition, the CA6, in the <u>Wolfenbarger</u> case, <u>remanded</u> some 5½ yrs ago (7/14/14), and that related case has still not yet come to final resolution.

In addition, Petitioner <u>prejudicially continues to wait</u> <u>for Respondent's (and their counsel who represents them in both</u>

---

[3] See, <u>Cristini v McKee</u>, 2006 U.S. Dist. LEXIS 58413 (ED Mich.)("A petitioner <u>suffers irreparable harm each day</u> the petitioner remains imprisoned in violation of the U.S. Constitution." "Remedying such harm is the very essence of the writ of habeas corpus," citing <u>Ward v Wolfenbarger</u>, 340 F Supp 2d 773, 778 (ED Mich. 2004), quoting <u>Burdine v Johnson</u>, 87 F Supp 2d 711, 717 (SD Tx. 2000).

this and the Wolfenbarger habeas action's), <u>to get their act together</u> (i.e., having failed to provide Petitioner with a "genuine reconsideration" of the various parole authority decision's, despite their claim to have removed from their records/file's all 1971 conviction references; noting that on reconsideration, without consideration of the 1971 convictions, Petitioner believes, based on conversations and writings had with his parole officer (Todd Kloska) that, given a second opportunity Todd Kloska, in exercise of his discretion, would <u>NOT</u> initiate parole violation proceedings, and in fact (upon information and belief) would <u>NOT</u> oppose reinstating Petitioner to parole, <u>Nunc Pro Tunc</u> to 7/15/2005. [4]/ See, <u>Tunks</u> v <u>Sigler</u>, <u>supra.</u> <u>See</u>, case law in attached Memo of Law.

    e) Petitioner believes the Respondent's (State's) likelihood of success on the merits of Petitioner's <u>pending</u> Petition for a Writ of Habeas Corpus, #19-cv-12543, when considering the evidence presented in the related pending habeas action of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701, is minimal, to <u>nill</u>; and he prays this Court agree with him.  <u>U.S.</u> v <u>Addonizio</u>, 442 U.S. 178, 187 (1979), citing <u>Burgett</u> v <u>Texas</u>, 389 U.S. 109, 115 (1967); <u>Majchsazak</u> v <u>Ralston</u>, 454 F Supp 1137, 1141-1144 (WD Wis. 1978).  See, <u>Ward</u> v <u>Wolfenbarger</u>, <u>Id.</u> (Motion for Reconsideration, and authorities cited therein (Dkt# 357), as supplemented (Dkt#'s 361-363, 366, 367, 372, 381.

    WHEREFORE, Petitioner respectfully prays this Court, (with or without oral arguments and/or formal evidentiary hearing), GRANT

---

[4]/ See, <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701, Petitioner's 10/4/19 (filed: 10/8/19) "Supplement to Pending Motion for Reconsideration, Offering a Realistic & Equitable Solution."  Dkt# 372

-9-

his motion, and forthwith order his release on bond, without surety (PR, or 10% of $5,000), pending further action in this case, and/or until such time as this case is fully and finally resolved, and/or to and through an appeal, should an appeal be taken by one of the parties; all in the "interest of justice," and for "exceptional circumstances" having been shown.

Date: 12/16/19

Respectfully submitted,

Michael Ward #128267
Macomb Corr Fac
34625  26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

Concurrence in this motion has not been sought because the movant is an incarcerated prisoner proceeding pro-se. ED L.R. 7.1(a)(C).

## MEMORANDUM OF LAW

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts, and exceptional circumstances justifying special treatment in the interest of justice. <u>Lee</u> v <u>Jabe</u>, 989 F 2d 869, 871 (CA6 1993)(quoting <u>Dotson</u> v <u>Clark</u>, 900 F 2d 77, 79 (CA6 1990)); see also, <u>Nash</u> v <u>Eberlin</u>, 437 F 3d 519, 526, n.10 (CA6 2006); and see, <u>Bell</u> v <u>Howes</u>, 2019 U.S. Dist. LEXIS 157452, at *4 (ED Mich., Hon. A.J. Tarnow), citing <u>Aronson</u> v <u>May</u>, ___ U.S. ___; 85 S.Ct. 3, 5; 13 L Ed 2d 6, 9 (1964), and <u>Dotson</u> v <u>Clark</u>, <u>supra.</u>

Here, the stated facts, and circumstances herein above, and the facts, circumstances and documentary evidence within the related case file/record of <u>Ward</u> v <u>Wolfenbarger</u>, #03-cv-72701, clearly qualifies for release on bond under the standard set for habeas actions where, as here, there has yet to be a "decision on the merits." Petitioner believes, that this Court (presided by the Hon. A.J. Tarnow, as he does also in the companion case of <u>Wolfenbarger</u>) is such that it should be clear to the same judge in both cases, that Petitioner <u>has</u> made a showing of "substantial claim of law based on the facts," and "exceptional circumstances justifying special treatment in the interest of justice."

Petitioner "suffers irreparable harm each day he remains imprisoned ..." <u>Wade</u> v <u>White</u>, 2004 U.S. Dist. LEXIS 16316, at *5

(ED Mich., Hon. A.J. Tarnow)(granting petitioner's motion for bond), citing Taylor v Withrow, 2001 U.S. Dist. LEXIS 11688, at *7, 2001 WL 902497, at *3 (ED Mich., Hon. A.J. Tarnow); Burdine v Johnson, 87 F Supp 2d 711, 717 (SD Tex. 2000).

The loss of constitutional freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury. Elrod v Burns, 427 U.S. 347, 373-74 (1976); Newsome v Norris, 888 F 2d 371, 378 (CA6 1989); Newman v Metrish, 300 F Appx 342, 344 (CA6 2008); Miller v Stovall, 641 F Supp 2d 657, 669 (ED Mich. 2009).

FRAP 23(b) controls a bond motion request where a district court has "denied" the habeas petition, or where (as in this case, there has yet to be a "decision on the merits"). FRAP 23(c) controls a bond motion request where arguably (as in Ward v Wolfenbarger, #03-cv-72701), the district court has "granted" a writ of habeas corpus. Smith v Berghuis, 2009 U.S. Dist. LEXIS 132259, at *2-3 (WD Mich.).

## CONCLUSION

In the "interest of justice," this Court should, find to Petitioner's favor, and forthwith order his release on a personal recognizance (PR) (or 10% of $5,000 without surety) bond, pending further action in this case, and/or until such time as this case is fully and finally resolved, and/or to and through an appeal, should an appeal be taken by one of the parties.

Date: 12/16/19

Respectfully submitted,

*/s/ Michael Ward*

Michael Ward #128267
Macomb Corr Fac
34625 26 Mile Rd
Lenox Twp., MI 48048

Petitioner/Pro-per

-2-