**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL C. WARD,

               Petitioner,            Case No. 2:19-cv-12543
                                         Hon. Arthur J. Tarnow

v.

WILLIS CHAPMAN,[1]

               Respondent.

_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS (ECF NO. 7), DENYING PETITIONER'S MOTIONS (ECF NOS. 6, 9, 10, 13), AND ORDERING RESPONDENT TO FILE A RESPONSE TO THE PETITION (ECF NO. 1) AND TO PETITIONER'S MOTIONS FOR BOND (ECF NOS. 12, 19)

On August 26, 2019, Michigan prisoner Michael C. Ward filed a petition for writ of habeas corpus, challenging the April 2017 denial of parole on his 1981 conviction of possession with intent to deliver more than 650 grams of cocaine. Mich. Comp. Law § 333.7401(2)(a)(1). Respondent filed a motion to dismiss, arguing that the petitioner's claims were barred by the statute of limitations and that one claim was also previously adjudicated.

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. See Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

*Ward v. Chapman*, 19-12543

Also before the Court are Petitioner's two motions for bond (ECF Nos. 12, 19), Petitioner's motion objecting to an extension of time (ECF No. 6), and his motions to consolidate this case with Case No. 03-72701 (ECF No. 9), to appoint counsel (ECF No. 10), and to rule on the merits of the petition (ECF No. 13).

After reviewing the pleadings and the record, the Court concludes that Petitioner's claim of the improper use of the 1971 convictions and his Eighth Amendment challenge were previously adjudicated and are duplicative of issues being litigated in Case No. 03-72701. Respondent's motion to dismiss is granted as to those two issues.

The Court further finds that Petitioner's retaliation claim is not time-barred. Respondent's motion to dismiss is denied as to that issue, and Respondent is directed to file a response on the merits of that claim.

Respondent is also directed to file a response to Petitioner's motions for bond. As explained further below, all other motions are denied.

## I.   Background and procedural history

Petitioner has a lengthy history litigating related issues before this Court under several case numbers. In the most pertinent, Case No. 03-72701, originally filed in July 2003, Petitioner claims that two invalid 1971 criminal convictions have been and continue to be used improperly by the

*Ward v. Chapman*, 19-12543

Michigan Department of Corrections and the Michigan Parole Board. In that case, the Court determined that Petitioner "had been deprived of his right to appeal and his Sixth Amendment right to appellate counsel on his 1971 convictions," and therefore, he "was entitled to have these 1971 convictions and all of the effects stemming from them expunged from his record." *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at *1 (E.D. Mich. Aug. 7, 2019), *as clarified on denial of reconsideration*, No. 03-CV-72701-DT, 2020 WL 109571 (E.D. Mich. Jan. 9, 2020). Petitioner continues to claim, as recently as March 23, 2020, that Respondent has not complied with this Court's orders to expunge all such records. *See*, *e.g.*, Case No. 03-72701, ECF No. 414.

While addressing the issue of the MDOC records, in an August 2019 Order, this Court also noted that "to the extent that Petitioner is challenging the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition." Case No. 03-72701, 2019 WL 3714517, at *6. This petition followed.

*Ward v. Chapman*, 19-12543

Petitioner raises three issues:

  I.   Petitioner's April 2017 denial of parole was improperly based on 1971 convictions that were ordered expunged in Case No. 03-72701;

  II.  Petitioner's denial of parole was the result of retaliation in violation of his First Amendment rights; and

  III. Petitioner's life sentence has been rendered cruel and unusual by subsequent legislation and repeated parole denials, in violation of the Eighth Amendment.

Respondent was ordered to respond to the petition. ECF No. 5. In lieu of filing an answer, Respondent moved to dismiss the petition. ECF No. 7 The motion argues that Petitioner's claims I and II are time-barred because he did not file a habeas petition challenging the April 2017 parole denial until August 2019, well after the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). Respondent argues that Petitioner's claim III is also time-barred, and that it was adjudicated in a prior habeas petition, Case No. 04-73725.

Petitioner's emergency motion for bond (ECF No. 19), as well as his original motion for bond (ECF No. 12) argue that he has a substantial claim of law. The emergency motion claims that extraordinary circumstances, including the Covid-19 pandemic, support his release. Respondent has not responded to either of Petitioner's motions for bond.

*Ward v. Chapman*, 19-12543

## II.    Discussion

### A. Claims I and III

In Claim I, Petitioner argues that Respondent and the Michigan Parole Board continue to maintain records reflecting the invalid 1971 convictions and that those convictions are used to deny him parole. His first claim spans the time from this Court's expungement order in 2004 through the present, alleging continued and compounded prejudice against him.

A litigant has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Cummings v. Mason*, No. 11-649, 2011 WL 2745937 (W.D. Mich. July 13, 2011) (quoting *Walton v. Eaton Corp*., 563 F.2d 66, 70 (3d Cir. 1977)). As part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *Cummings*, 2011 WL 2745937 at *1 (citing, *inter alia*, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)).

To the extent that Claim I argues that the MDOC has failed to expunge his 1971 convictions, and that those convictions continue to prejudice him in their use by the Michigan Parole Board in its denials, these arguments are duplicative with Case No. 03-72701. Claim I will be dismissed.

5

*Ward v. Chapman*, 19-12543

In Claim III, Petitioner argues that his life sentence is now cruel and unusual punishment in violation of the U.S. Constitution, Eighth Amendment, because of intervening changes to the law under which he was originally sentenced. Petitioner previously argued this issue in Case No. 04-73725, and relief was denied. Case No. 04-73725, ECF No. 48. "[A]ny claim that has already been adjudicated in a previous petition must be dismissed. *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) (citing 28 U.S.C. § 2244(b)(1)); *see also In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013). Claim III will also be dismissed.

**B. Claim II**

Petitioner was denied parole in April 2017. Respondent argues that this petition challenging that denial was untimely, as it was filed on August 29, 2019. Respondent states that Petitioner had one year to pursue a state remedy, citing 28 U.S.C. § 2244(d)(1). At the same time, Respondent observes that Petitioner may not have had a state remedy to pursue. Resp. Mot. Dism., ECF No. 7, PageID.54, n.2.

The Court notes that Petitioner did pursue a state habeas action in 2017[2] in Muskegon Circuit Court and sought leave to appeal through the

---

[2] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3

6

*Ward v. Chapman*, 19-12543

Michigan Supreme Court. *See Ward v. Macomb Corr. Facility. Warden*, Case No. 157435, filed Aug. 2, 2017.[3] The state supreme court denied Petitioner's application for leave to appeal on September 12, 2018. *Ward v. Macomb Corr. Facility Warden*, 503 Mich. 860, 917 N.W.2d 80 (2018). The petition before the Court would thus be timely, as it was filed less than a year later, on August 29, 2019. Claim II survives Respondent's motion to dismiss.

**C. Motions for Bond (ECF Nos. 12, 19)**

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79.

Petitioner argues that he has demonstrated a substantial claim of law, and that the Covid-19 pandemic, and his age and health issues justify his

---

(6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

[3] Docket available at https://courts.michigan.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=1&CaseNumber=339639&CourtType_CaseNumber=2.

*Ward v. Chapman*, 19-12543

release on bond. Respondent has not responded to Petitioner's motion. The Court will direct Respondent to respond.

**D. Motion for consolidation (ECF No. 9)**

Rule 2(d) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 requires that a habeas petitioner who seeks to attack the validity of the judgments of two or more state courts must do so by filing separate habeas petitions. Whether to consolidate habeas petitions on different convictions is within the discretion of the Court. *See*, *e.g.*, *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001).

Federal Rule of Civil Procedure 42 permits a court to consolidate cases when they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Such consolidation may aid judicial economy and expedite resolution. *Advey v. Celotex, Corp*., 962 F.2d 1177, 1180 (6th Cir. 1992) (citation omitted). In *Tate v. Booker*, Case No. 06-13156, two habeas petitions were consolidated, where the issues and pleadings were described as identical. *See* No. 2:06-CV-13156, 2007 WL 3038026, at *1 (E.D. Mich. Oct. 18, 2007).

By contrast, the issues and proofs in the two cases for which Petitioner requests consolidation are not the same. While Case No. 03-72701 remains closed, Petitioner continues to file pleadings challenging Respondent's and the MDOC's compliance with this Court's orders of record expungement.

8

*Ward v. Chapman*, 19-12543

This petition raises broader challenges to Petitioner's most recent denial of parole, including a retaliatory motivation for that denial. Because the issues are not identical, consolidation would be inappropriate, and would not expedite resolution of either case.

**E. Motion to appoint counsel (ECF No. 10)**

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). A habeas petitioner's motion for the substitution of appointed counsel should be granted only if it is in the "interests of justice" to do so. *Martel v. Clair*, 565 U.S. 648, 658 (2012) (citing 18 U.S.C. § 3006A).

Neither the interests of justice nor the current circumstances require the appointment of counsel now, so Petitioner's motion is denied.

**F. Motions objecting to extension of time (ECF No. 6) and for the Court to rule on merits of the petition (ECF No. 13)**

The Court having directed Respondent to file an answer to the petition, Petitioner's objections to an extension are denied. In addition, because

*Ward v. Chapman*, 19-12543

Respondent has not yet answered, it would be improper at this time to rule on the merits of the petition.

Petitioner argues that Respondent's motion to dismiss was non-responsive and that he has thus waived all defenses to the habeas petition. He is incorrect. "[I]t is clearly permissible for a respondent to file a motion to dismiss or for summary judgment." *Gardner v. Maclaren*, No. 13-CV-15051, 2014 WL 5481324, at *4 (E.D. Mich. Oct. 29, 2014) (Goldsmith, J.) (citing *Jackson v. Straub*, 309 F.Supp.2d 952, 959 (E.D.Mich. 2004)). *See also* Rule 4 of the Rules Governing Section 2254 Cases; *Harris v. Booker*, No. 07-13250, 2008 WL 3852244, at *2 (E.D. Mich. Aug. 18, 2008) (Steeh, J.). ("respondents in habeas corpus actions may file an answer, *motion*, or other response to a habeas corpus petition") (citing Rule 4).

### III.    Conclusion and Order

For the reasons stated above, it is **ORDERED** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED** as to Claims I and III and **DENIED** as to Claim II**.**

It is further **ORDERED** that Respondent is directed to file a Response to Claim II of the petition within **fourteen days** of the entry of this Order.

10

*Ward v. Chapman*, 19-12543

It is further **ORDERED** that Respondent must file a Response to the Petitioner's Emergency Motion for Bond (ECF No. 19) within **seven days** of the entry of this Order.

It is further **ORDERED** that Petitioner's motions of objection (ECF No. 6), and to consolidate (ECF No. 9), appoint counsel (ECF No. 10), and for the Court to rule on the petition (ECF No. 13) are **DENIED**.

     **IT IS SO ORDERED.**

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: May 11, 2020