## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL C. WARD,

               Petitioner,          Case No. 2:19-cv-12543
                                          Hon. Arthur J. Tarnow

v.

WILLIS CHAPMAN,[1]

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR BOND (ECF NOS. 12, 19), SUMMARY DISPOSITION (ECF NO. 23), APPOINTMENT OF COUNSEL (ECF NO. 25), DISCOVERY (ECF NO. 26), RECONSIDERATION (ECF NO. 27), AND COURT-ORDERED INVESTIGATION (ECF NO. 28), AND DISMISSING PETITION

On August 26, 2019, Michigan prisoner Michael C. Ward filed a petition for writ of habeas corpus challenging the Michigan Parole Board's denial of parole on the life sentence he is serving for a 1981 drug possession conviction. Mich. Comp. Laws § 333.7401(2)(a)(1). Two of Petitioner's grounds for relief were dismissed. ECF No. 21. Respondent was ordered to respond to the remaining claim: that Petitioner was denied parole in retaliation for his continued litigation in *Ward v. Wolfenbarger*, Case No. 03-

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. See Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

*Ward v. Chapman*, 19-12543

72701, which challenged the Michigan Department of Corrections' continued use of expunged convictions in security classification and parole board decisions.

Seven motions by Petitioner are also pending before the Court. Two seek release on bond and the third is for summary disposition. ECF Nos. 12, 19, 23. The fourth seeks appointment of counsel or an investigator. ECF No. 25. Petitioner also requests discovery, and a court-ordered investigation to locate motions which have now been docketed.[2] ECF Nos. 26, 28. Finally, Petitioner seeks reconsideration of the Court's May 11, 2020, Order dismissing two of his three claims for relief. ECF No. 27.

Petitioner filed this separate petition for habeas corpus relief following the Court's suggestion in Petitioner's 2003 case,[3] most recently in its August

---

[2] The Court notes that the Covid-19 pandemic has impeded timely operations of both the U.S. Post Office and the office of the Clerk of Court, which delayed docketing of Petitioner's motions for several weeks.

[3] The order stated that "to the extent that Petitioner is challenging the Michigan Parole Board's decision to deny him parole release on his 1981 conviction for possession with intent to deliver over 650 grams of cocaine, he should challenge that parole denial by means of a separate habeas petition." *Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2019 WL 3714517, at *6 (E.D. Mich. Aug. 7, 2019), *as clarified on denial of reconsideration*, No. 03-CV-72701-DT, 2020 WL 109571 (E.D. Mich. Jan. 9, 2020). *See also Ward*, 2011 WL 3472527, at *2 (E.D. Mich. Aug. 9, 2011); *Ward*, 2010 WL 3733984, at *2 (E.D. Mich. Sept. 20, 2010).

*Ward v. Chapman*, 19-12543

2019 order. Petitioner's continued incarceration on a now-obsolete statutory life tern for a non-violent offense serves no purpose and does not enhance the public safety of Michigan – especially as he will be 71 years of age when next eligible for parole review. Nonetheless, Petitioner is unable to demonstrate his entitlement to habeas relief under the extremely high bar of AEDPA.

After reviewing the pleadings and the record, the Court will deny all motions. In addition, the Court holds that Petitioner is not entitled to habeas relief. The petition will be dismissed.

## I.   Background and procedural history

As explained in the Court's May 11, 2020, order, ECF No. 21, Petitioner has litigated since 2003 a habeas challenge to the improper use of two invalid 1971 criminal convictions by the Michigan Department of Corrections and the Michigan Parole Board. *See* Case No. 03-72701. This petition challenges the parole board's April 2017 denial of parole for Petitioner's 1981 conviction for possession with intent to deliver over 650 grams of cocaine. Petitioner's surviving claim is that the parole board's motivation for its most recent parole denial is retaliation for his continued litigation in the 2003 case, in violation of his First Amendment rights.

*Ward v. Chapman*, 19-12543

Petitioner filed two motions for release on bond, the most recent characterized as an emergency motion in response to the Covid-19 pandemic. *See* ECF Nos. 12, 19. Petitioner also filed a motion for summary disposition dated April 24, 2020, seeking an unconditional grant of habeas or release on bond. ECF No. 23. That motion was drafted and filed by Petitioner before the Court's May 11, 2020 Order, but not docketed in this Court until May 21, 2020. The motion argues that Respondent has waived or forfeited any right to respond by its delay in filing an answer. Petitioner moved for appointment of counsel or an investigator, arguing that he needs assistance in pursuing evidence to support his habeas claims. ECF No. 25. That motion was signed and mailed May 14, 2020, but was not received by the Court until May 27, 2020. It was docketed June 1, 2020.

Respondent has responded to Petitioner's motions for bond and to the surviving claim of the habeas petition. ECF Nos. 22, 24. Respondent argues that Petitioner's challenge to the parole board's April 6, 2017 finding of "no interest" is untimely, that he has failed to support his claim of retaliation, and that the parole board's parole denial is "obviously" based on Petitioner's 2005 violation of parole "in spectacular fashion." Resp't Ans., ECF No. 24, PageID.369.

4

*Ward v. Chapman*, 19-12543

Respondent refers to Petitioner's actions after he was granted parole in November 2004. "On July 15, 2005, he was re-arrested, and charged with accosting children for immoral purposes, indecent exposure, selling or furnishing alcohol to minors, and malicious destruction of a building, after he allegedly attended a hotel party involving teenagers, alcohol, and pornography." *Ward v. Howes*, No. 08-13051, 2011 WL 4527786, at *3 (E.D. Mich. Sept. 29, 2011) (Lawson, J.). Petitioner pled no contest to three parole violation charges. *Id*. at *5. All criminal charges were dropped in a plea agreement with the local prosecutor, in exchange for the Petitioner's cooperative testimony in an unrelated criminal case. *Id*.

Following the 2006 parole violation, the Michigan Parole Board has repeatedly denied Petitioner parole by stating it has "no interest" in proceeding to a public hearing, most recently in April 2017. The latest reviewer of Petitioner's file cited his parole violation and three major misconduct tickets in 2015 and 2010 as grounds for denying parole. E. Heap Aff., ECF No. 24-3, PageID.406. Petitioner's next opportunity for review by the parole board is scheduled for September 2022, when he will be 71 years old.

*Ward v. Chapman*, 19-12543

## II.   Discussion

### A. Standard of Review

This habeas petition is reviewed under the exacting standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the state adjudication of the claim either

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06

*Ward v. Chapman*, 19-12543

(2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarad*o, 541 U.S. 652, 664 (2004)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases -- indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*,

*Ward v. Chapman*, 19-12543

503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington*, 562 U.S. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*.

## B. Retaliatory motive for parole denial

This Court possesses no authority under the AEDPA to grant Petitioner a writ of habeas corpus or to order the State of Michigan to grant him parole based on his claim of retaliation. A federal court may issue a writ of habeas "to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*

8

*Ward v. Chapman*, 19-12543

*v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Without that underlying right, a petitioner "cannot invoke the procedural guarantees of the Due Process Clause." *Allen v. Stepp*, 27 F. App'x 521, 523 (6th Cir. 2001) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

Only state law may create a "'legitimate claim of entitlement to' parole," which the federal constitution would then protect. *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011) (citing *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth*., 929 F.2d 233, 235 (6th Cir. 1991)). However, both state and federal courts have held that Michigan's parole system has not created such a "legitimate claim of entitlement," that is, a prisoner's liberty interest in parole. *See Glover v. Mich. Parole Bd*., 460 Mich. 511, 596 N.W.2d 598, 603–04 (Mich. 1999); *Crump*, 657 F.3d at 404. "[T]he ultimate authority to grant parole . . . lies within the discretion of the [Michigan Parole] Board." *Crump*, 657 F.3d at 405 (quoting *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003)). "Absent a protected interest, a prisoner may seek to enforce statutes or regulations that govern the parole process as a matter of state law, but 'procedural statutes and regulations governing parole do not [alone] create federal procedural due process rights.'" *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014) (quoting *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994)) (alteration in original).

9

*Ward v. Chapman*, 19-12543

At one time, the Sixth Circuit suggested that "substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest." *Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002) (citing *Block v. Potter*, 631 F.2d 233, 236 n.2 (3d Cir. 1980)). More recently, the court observed that "[n]either this decision nor any binding circuit precedent, however, forecloses the possibility that, in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation." *Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 571 n.5 (6th Cir. 2012).

However, the Sixth Circuit has generally rejected decisions by other circuits which found due process violated by "'totally arbitrary parole decisions' even in the absence of an identifiable liberty interest in parole release." *Bell v. Anderson*, 301 F. App'x 459, 461–62 (6th Cir. 2008) (per curiam) (citing *Burkett v. Love*, 89 F.3d 135, 139-40 (3d Cir. 1996); *Thompson v. Armontrout*, 808 F.2d 28, 31 (8th Cir. 1986); *Block*, 631 F.2d at 236). The *Bell* court noted that "the reasoning on which these cases are based has not been adopted in this circuit" and cited with approval other courts' criticisms of the concept of due process protections without an

10

*Ward v. Chapman*, 19-12543

underlying liberty interest. *Bell*, 301 F. App'x at 462 (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994)) (other citations omitted). *Bell* did acknowledge that parole board's actions or decisions that "shock the conscience" may be found unconstitutional. *Id.* at 463 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)).

Under the clearly established Supreme Court precedent of *Greenholtz*, 442 U.S. at 7, and Sixth Circuit opinions applying that case, the Michigan Parole Board's denial of parole for Petitioner, even if arbitrary and capricious, is not "conscience-shocking," and is not an unreasonable application of federal law. Because "fairminded jurists could disagree" on whether the parole board was correct in its April 2017 "no interest" finding, *Richter*, 562 U.S. at 101, Petitioner is not entitled to habeas relief.

Even if Petitioner possessed a liberty interest in parole and was thus protected by due process, he has not established that his denials of parole have been motivated by retaliation against him for continued litigation of his 2003 case, *Ward v. Wolfenbarger*. Pleading retaliation requires establishing "a causal connection," that the "adverse action was motivated at least in part by" the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.

11

*Ward v. Chapman*, 19-12543

1999). *Thaddeus-X* notes that causation may be demonstrated by "the timing of events." *Id*. at 399.

Plaintiff's factual allegations do not establish a connection between his litigation and the Michigan Parole Board's actions. He asserts that the parole board "became more aggressive in denying parole" following a 2009 order by the Sixth Circuit, 342 F. App'x 134, and that the board "instruct[ed] MDOC staff to retaliate" following the Sixth Circuit ruling in July 2014. Pet., ECF No. 1, PageID.10. He cites instances as early as 2004 to demonstrate ongoing retaliatory action. *Id*. None of these allegations establish a link between the course of his litigation and the parole board's April 2017 "no interest" ruling, the subject of his petition. Petitioner has not established that he is entitled to relief.

## C. Motion for reconsideration

Petitioner seeks reconsideration of this Court's dismissal of the first and third claims in his habeas petition, that parole has been denied due to the continuing presence of his 1971 convictions in his records, and that his continued incarceration has been rendered cruel and unusual punishment in violation of the Eighth Amendment. He cites as error the Court's limited reading of his petition to challenge the parole board's April 2017 finding of "no interest," stating instead that his claims extend back to 2004 and include

12

*Ward v. Chapman*, 19-12543

the 2006 parole revocation and subsequent decisions by the parole board and the MDOC. *See* ECF No. 27, PageID.512-14. He also challenges the parole board's November 2018 recommendation against commutation. *Id*. at PageID.516. In his motion and a later supplement, ECF No. 29, Petitioner also insists that the Court's decisions were based on theories of *res judicata* and estoppel.

Petitioner brings his motion under several federal and local rules. Motions for reconsideration are governed by Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d, 773, 774 (E.D. Mich. 2004); *Hence*, 49 F. Supp. 2d at 550-51 (citing L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 774.

A party seeking to amend or alter a judgment under Rule 59(e) must show one of four things: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

*Ward v. Chapman*, 19-12543

prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A motion based on Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (internal quotation marks omitted). As with a Rule 59(e) motion (as well as Rule 7.1), a party may not use Rule 60(b) "as an occasion to relitigate its case." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 846 (E.D. Mich. 2017) (citation omitted).

Petitioner has identified no palpable defect under which the Court was misled, no errors of law or fact, nor how a correction would lead to a different outcome. However, the Court will clarify its reasons for dismissal, and will address Petitioner's argument that it "misframed" his first claim.[4]

First, the Court repeatedly instructed Petitioner that he must file a separate habeas petition challenging his continued incarceration under his

---

[4] Petitioner has identified no defect, and the Court will not revisit, its ruling that his third claim, an Eighth Amendment challenge to his life sentence for the 1981 conviction, was previously adjudicated. ECF No. 21, PageID.220.

*Ward v. Chapman*, 19-12543

1981 conviction, and that the denials of parole would not be adjudicated under 03-72701. *See Ward*, No. 03-CV-72701-DT, 2019 WL 3714517, at *6 (E.D. Mich. Aug. 7, 2019), *as clarified on denial of reconsideration*, No. 03-CV-72701-DT, 2020 WL 109571 (E.D. Mich. Jan. 9, 2020). Such a separate petition permitted Petitioner to raise challenges not at issue in the 2003 case, such as his claim of retaliatory motive for parole board decisions. The same reasons support the Court's denial of Petitioner's motions to consolidate that case with this one.[5] At the same time, the Court is permitted to take notice of the record and decisions in Petitioner's other cases[6] and has done so where appropriate.

---

[5] The Sixth Circuit also rejected consolidation of Petitioner's earlier habeas challenge of his 1981 conviction and sentence in an appeal from *Ward v. Howes*, Case No. 08-13051. It abstained from ruling on Petitioner's claims "that 'the parole board initiated parole violation process, and continues to use the two 1971 expunged convictions, as reason, in significant part, to take "no interest" (deny), in reinstating to parole'" because it was "repetitive of the claim pending between the same parties in [Case No. 03-72701]. Consideration of this claim would cause duplicative litigation and potentially conflicting results." *Ward v. Smith*, 6th Cir. Case No. 11-2367, Doc. No. 80-2, Page 3 (June 12, 2014) (citations omitted).

[6] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

*Ward v. Chapman*, 19-12543

However, the Court's direction to Petitioner to file a separate petition does not support a presumption that it had pre-judged the merit of any such petition. The petition before the Court has been judged on its own merits.

Second, Petitioner's assertion that the Court's "misframed" his claims is not an error that entitles him to reconsideration and a different outcome. Petitioner states that his claims cover the period from 2004 to the present, including the 2006 parole revocation, subsequent decisions by the parole board and the MDOC, through to and including the board's November 2018 recommendation against commutation.

However, Petitioner has already litigated claims arising in that time period through several habeas petitions, and courts have denied relief. For instance, the Sixth Circuit expressly found that the parole revocation was *not* motivated by his 1971 convictions. *Ward v. Wolfenbarger*, 342 F. App'x 134, 137 (6th Cir. 2009) ("Ward's parole was revoked because of his 'no contest plea' [to parole violations] and not because the parole board looked anew at the 1971 expunged convictions.")

Petitioner also "contest[ed] the revocation of his parole and his continued detention on drug charges that originated over 30 years ago[,]" in a habeas petition filed in July 2008 and supplemented in 2011. *Ward v. Howes*, No. 08-13051, 2011 WL 4527786, at *1 (E.D. Mich. Sept. 29, 2011)

16

*Ward v. Chapman*, 19-12543

(Lawson, J.) (characterizing Petitioner's challenge of the revocation decision as the "core complaint" of that case, *id*. at *12), *aff'd sub nom. Ward v. Smith*, Nos. 11-2367/2399 (6th Cir. June 12, 2014) (unpublished). The district court denied habeas relief on all claims. *Id*. at *1.

The only parole board decision appropriate now for challenge in Petitioner's current case is, as the Court has stated previously, the April 2017 finding of "no interest" in parole. However, Petitioner has not established that he is entitled to relief. As discussed above, he has not established a retaliatory motive on the part of the parole board.

Nor has he established that the decision was unconstitutionally based on his expunged 1971 convictions. Petitioner states that he has found numerous records in his files that reflect those convictions, despite this Court's repeated orders to the Michigan Department of Corrections to remove all references from Petitioner's institutional files, and despite the certification by Respondent that it has complied. The matter of that compliance will be addressed in 03-72701.

However, the continued existence of records which reference the expunged convictions does not lead inevitably to the conclusion that the parole board relied on those convictions. At the time of the last "no interest" finding by the parole board, those misdemeanor drug convictions were 46

*Ward v. Chapman*, 19-12543

years old. Much more recent was the 2005 incident, involving teenagers, alcohol, and pornography, which led to Petitioner's 2006 parole revocation.

Respondent has provided the affidavit of Edwin Heap, the parole board member responsible for the most recent review of Petitioner's case. In that affidavit, Heap asserts that he was aware of Petitioner's expunged convictions, but because they were expunged, disregarded them. Aff., ECF No. 24-3, PageID.406. Instead, Heap said he was influenced by Petitioner's "particularly egregious" parole violation. *Id*. He also cited as "a significant factor" Petitioner's three misconduct tickets in 2010 and 2015. *Id*.

Under *Harrington*, Petitioner is obligated to demonstrate "there was no reasonable basis for the state court to deny relief." 562 U.S. at 98. While Petitioner would be correct that reliance on his unconstitutional convictions would be an unreasonable basis, he has not demonstrated that was the parole board's motivation. While the Court may disagree with the parole board's decision and reasoning, it must acknowledge that the circumstances of Petitioner's parole violation do provide a "reasonable basis" under AEDPA and *Harrington* for its decision.

Finally, Petitioner seeks to challenge one more action by the parole board, its November 2018 recommendation to the Governor against commutation. ECF No. 27, PageID.515. Petitioner did not include this claim

18

*Ward v. Chapman*, 19-12543

in his original petition, nor did he seek leave to amend, but instead incorporated this board action in other pleadings. *See* Addendum, ECF No. 16, PageID.173; Mot., ECF No. 23, PageID.337. Regardless, even if appropriately raised, Petitioner is not entitled to relief on this claim.

As discussed in section II.B., Michigan prisoners do not enjoy a "liberty interest in parole release," and thus are not protected by due process, short of a "conscience-shocking" action by the parole board. *Bell*, 301 F. App'x at 461–62. A "convicted person" enjoys no constitutional right to release "before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. *Greenholtz*' reasoning was applied to the commutation process in *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). The latter case noted that clemency decisions "are rarely, if ever, appropriate subjects for judicial review," because such decisions are based on both objective findings of fact as well as "purely subjective evaluations and . . . predictions of future behavior by those entrusted with the decision."  452 U.S. at 464.

"[S]ome minimal procedural safeguards do apply to clemency proceedings[,]" permitting judicial intervention if the clemency process is arbitrarily denied to a prisoner or is determined by the flip of a coin. *Workman v. Summers*, 111 F. App'x 369, 371 (6th Cir. 2004) (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 289 (1998) (O'Connor, J., concurring with

19

*Ward v. Chapman*, 19-12543

three other Justices). However, federal courts do not operate as "super appeals court[s]" over commutation proceedings. *Id*. (citation omitted).

The document Petitioner cites to demonstrate that the board's recommendation against commutation simply states that it conducted a review of Petitioner's application and determined it had no merit. Mot., ECF No. 23, PageID.337. Petitioner does not argue that the board's actions violated any "procedural safeguards" that apply to commutations. And as with his challenge to the 2017 parole denial, Petitioner cannot demonstrate that there was "no reasonable basis" for the parole board's recommendation to the Governor.

While this analysis disposes of Petitioner's application for habeas relief, the Court still believes that Petitioner's continued incarceration does not serve public safety nor any other stated purpose of Michigan's parole scheme, and that the parole board's continued denial of parole borders on the arbitrary and capricious. As the Court observed in Case No. 03-72701, it had hoped a resolution could have been achieved by settlement, eliminating the need for protracted litigation in which both parties have been active participants.

Petitioner was originally sentenced to mandatory life without parole, a penalty that no longer applies to his drug possession conviction. *Rashad v.*

*Ward v. Chapman*, 19-12543

*Lafler*, 675 F.3d 564, 567 (6th Cir. 2012). Following a 2003 amendment of the statute, "a defendant convicted of possessing 450 to 1000 grams of a controlled substance is not subject to a mandatory minimum and is subject to a statutory maximum of 30 years in prison." *Id.* (citing Mich. Comp. Laws § 333.7403(2)(a)(ii)). Over 40 years after his 1979 offense, with his next parole interview not scheduled until 2022, Petitioner continues to serve that now-rejected life sentence.

The latest reviewer of Petitioner's case for parole characterized Petitioner's actions leading to his 2006 parole revocation as "predatory sexual behavior involving teenaged children." E. Heap Aff., ECF No. 24-3, PageID.406.[7] Despite the board's apparent reliance on that behavior, Petitioner was told by the MDOC he did not meet the criteria for sex offender therapy when he requested it. Case No. 03-72702, ECF 277-30, PageID.3897. In addition, the parole agent who investigated and is thus most familiar with the 2005 incident expressed his support for Petitioner's release

---

[7] In 2012, a different parole board member who interviewed Petitioner noted that he "admits to using poor judgment" in reference to the parole violation incident. *See* Case No. 03-72701, ECF No. 277-40, PageID.4045. The board member recommended parole, noting that Petitioner did not appear to be a threat to public safety nor at "moderate or high risk to re-offend." *Id.*

*Ward v. Chapman*, 19-12543

on parole in two letters to the parole board. Case No. 03-72702, ECF 277-32, PageID.3991, ECF 302-4, PageID.4616.

The Court does not diminish the seriousness of Petitioner's 2005 actions leading to his parole violation, which involved teenagers, liquor, and pornography, as Respondent repeatedly but correctly asserts. However, of the charges listed in Petitioner's parole violation worksheet, Case No. 03-72701, ECF 277-7, PageID.3840, and *Ward v. Howes*, 2011 WL 4527786, at *3, all are misdemeanors carrying a one-year maximum sentence, with the sole exception of child accosting, a four-year felony. Mich. Comp. Laws. § 750.145a. Were he convicted and sentenced of the charges associated with that incident, it is unlikely Petitioner would have received twelve years imprisonment (as of the April 2017 denial of parole), let alone seventeen years (the date of his next scheduled parole interview), the additional time he has served following parole denials allegedly because of the violation.

Respondent points to Petitioner's three "major misconduct" tickets in 2010 and 2015 as further justification for the parole board's decision. ECF No. 24-3, PageID.407. The 2010 tickets were based on Petitioner's possession of hobby or craft scissors and a refusal to place his hands on a table when ordered. *See* Case No. 03-72701, ECF No. 277-40, PageID. 4044. The third was a smuggling charge. However, Petitioner's security

*Ward v. Chapman*, 19-12543

classification preceding the April 2017 decision calculated to the lowest-risk security level, as it has consistently over the last several years. *See*, *e.g.*, Case No. 03-72701, ECF 302-4, PageID.4561.

In sum, and in view of the significantly reduced risk of recidivism at Petitioner's advanced age (now 69 years old), the parole board's decision to continue his incarcerated status until at least 2022 strikes the Court as arbitrary and capricious. However, as explained earlier, because such denials do not provide a basis on which to grant habeas relief, Petitioner is not entitled to release. *Bell*, 301 F. App'x at 461–62. The petition will be dismissed.

**D. Motion for summary disposition**

Petitioner is not entitled to summary disposition. The Court has previously ruled that Petitioner is incorrect in his argument that Respondent's motion to dismiss, ECF No. 7, was non-responsive and that Respondent has thus waived all defenses to the habeas petition. "[I]t is clearly permissible for a respondent to file a motion to dismiss or for summary judgment." *Gardner v. Maclaren*, No. 13-CV-15051, 2014 WL 5481324, at *4 (E.D. Mich. Oct. 29, 2014) (Goldsmith, J.) (citing *Jackson v. Straub*, 309 F.Supp.2d 952, 959 (E.D.Mich. 2004)). *See also* Rule 4 of the Rules Governing Section 2254 Cases; *Harris v. Booker*, No. 07-13250, 2008 WL 3852244, at *2 (E.D. Mich.

*Ward v. Chapman*, 19-12543

Aug. 18, 2008) (Steeh, J.). ("respondents in habeas corpus actions may file an answer, *motion*, or other response to a habeas corpus petition") (citing Rule 4).

## E. Motions for bond

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79.

Petitioner argues that he has demonstrated a substantial claim of law, and that the Covid-19 pandemic, and his age and health issues justify his release on bond. Respondent refutes both points and argues that the executive order by the Governor of Michigan and procedures implemented by the Michigan Department of Corrections demonstrate that "the State has taken significant steps to combat the spread of COVID-19 within the prison system." Resp. Ans. Opp'g Mot., ECF No. 22, PageID.240. Respondent

*Ward v. Chapman*, 19-12543

even goes so far as to suggest that Petitioner is safer in MDOC custody than out in "society," under its "stringent procedures." *Id*. at PageID.240, n. 3.[8]

Despite the Court's concern over the impact of the Covid-19 pandemic, it must conclude that Petitioner is not entitled to release on bond. Petitioner does not have a substantial claim of law, as explained above and as demonstrated by the dismissal of his habeas petition. Nor has he established that his circumstances are exceptional or justify special treatment.

## F. Motions for appointment of counsel, discovery, and court-ordered investigation

Petitioner's motion for appointment of counsel relates to his now-dismissed Claim I, regarding the purported impact of his 1971 convictions on the denials of parole. Because the petition will be dismissed, Petitioner's motion for appointment of counsel will be denied as moot. Petitioner's motions for discovery and investigation will be denied for the same reasons.

---

[8] Respondent does not acknowledge that despite its "stringent procedures," inmates in the Michigan Department of Corrections have a higher per capita Covid-19 death rate than the corrections systems of all but one other state, and the third highest rate of such cases overall. *See A State-by-State Look at Coronavirus in Prisons*, THE MARSHALL PROJECT (last updated June 4, 2020, 6:00 p.m.), https://www.themarshallproject.org/2020/05/01/a-state-by-state-look-at-coronavirus-in-prisons

*Ward v. Chapman*, 19-12543

## III.   Conclusion and Order

For the reasons stated above, it is **ORDERED** that Petitioner's motions for summary disposition (ECF No. 23), appointment of counsel (ECF No. 25), discovery (ECF No. 26), reconsideration (ECF No. 27), and court-ordered investigation (ECF No. 28) are **DENIED**.

It is further **ORDERED** that Petitioner's motion for release on bond (ECF No. 12) and emergency motion for release from custody (ECF No. 19) are **DENIED**.

It is further **ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

        s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 22, 2020