## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL C. WARD,

               Petitioner,          Case No. 2:19-cv-12543
                                    Hon. Arthur J. Tarnow

v.

WILLIS CHAPMAN,[1]

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION (ECF NO. 53)

On August 26, 2019, Michigan prisoner Michael C. Ward filed a petition for writ of habeas corpus challenging the Michigan Parole Board's denials of parole on the life sentence he is serving for a 1981 drug possession conviction. Mich. Comp. Laws § 333.7401(2)(a)(1). Petitioner's case is closed following this Court's orders dismissing his petition (ECF No. 30) and denying his motions for reconsideration. (ECF No. 54.)

Now before the Court is Petitioner's motion for leave to amend his petition. (ECF No. 53.) Petitioner's motion requests the Court "reinstate and incorporate within the original habeas petition, all motions, supplements of

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. See Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

*Ward v. Chapman*, 19-12543

authorities and arguments, filed post-filing of the original habeas petition."
(Mot., ECF No. 53, PageID.1705.) Petitioner names specific pleadings he
wants added to his petition, including his motions for reconsideration. (*Id*.,
citing ECF Nos. 40, 41.) Petitioner seeks to revive claims the Court has
denied. (ECF No. 53, PageID.1705-07.) Finally, Petitioner requests the Court
vacate its orders of dismissal. (*Id*. at PageID.1707, citing ECF Nos. 21, 30.)
Petitioner cites for authority Fed. R. Civ. P. "60(b)(6), or any other authority
as the Court may 'liberally construe' for him . . ." (*Id.* at PageID.1705.)

There are limits to the liberal construction afforded a *pro se* litigant.
*Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). For instance, "courts
are not required to . . . guess at the nature of an argument." *Brown v. Cracker
Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891
F.2d 591, 594 (6th Cir. 1989)). Regardless, as explained further below, the
Court finds that Rule 60(b) and other applicable Federal Rules of Civil
Procedure support a denial of Petitioner's motion for leave to amend his
petition.

First, Federal Rule of Civil Procedure 15 generally governs motions to
amend pleadings. The Federal Rules of Civil Procedure apply to federal
habeas proceedings as long as they are not "inconsistent with any statutory
provisions or [the habeas] rules.'" *Mayle v. Felix*, 545 U.S. 644, 654 (2005)

2

*Ward v. Chapman*, 19-12543 (citing Rule 11, Rules Governing Section 2254 Cases in the United States District Courts). Rule 15 permits a habeas petitioner to amend pleadings by leave "any time during a proceeding." *Id*. (citing Fed. R. Civ. P. 15(a)).

Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is discretionary with the district court. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998). Courts may consider several factors when evaluating the interests of justice, among them, "'undue delay, . . . bad faith[,] . . . and futility of amendment.'" *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (citing *Coe*, 161 F.3d at 342). The "liberal policy" of Rule 15(a) is meant "to ensure the determination of claims on their merits." *Id*. (citing *Marks v. Shell Oil Co*., 830 F.2d 68, 69 (6th Cir. 1987)).

Federal Rule of Civil Procedure 8(a) provides the general requirements for pleading a civil case. *Mayle*, 545 U.S. at 649. But the habeas rules require more detail than Rule 8(a)'s "short and plain statement" demonstrating entitlement to relief. *Id*. Rule 2(c) directs the habeas petitioner to include all available grounds for relief and the facts supporting each. *Id*. (citing Rule 2(c), Rules Governing Habeas Corpus Cases).

Even under the increased demands of Rule 2(c), Petitioner's motion for leave to amend his petition grossly exceeds what is necessary and

3

*Ward v. Chapman*, 19-12543

appropriate for a habeas petition. He seeks to incorporate "all motions, supplements of authorities and arguments, filed post-filing of the original habeas petition." (Mot., ECF No. 53, PageID.1705.) He specifically names his "comprehensive reply brief" and supporting exhibits, as well as his motions for reconsideration, which are, respectively, 419 pages (ECF No. 33), 363 pages (ECF No. 36), and 80 pages (ECF No. 40) in length.

This is far more than the specification of Petitioner's grounds for relief and their supporting facts. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity" is to permit a district court to perform the preliminary review required by habeas Rule 4. *Mayle*, 545 U.S. 656. The reviewing court's action is predicated on the "plain[] appear[ance of] the petition and any attached exhibits . . ." Rule 4, Rules Governing Section 2254 Cases. Although the rule includes a reference to exhibits, the plain-appearance reference demonstrates the rules do not envision a thousand-page petition. Applying Rule 15(a), justice does not require that Petitioner be permitted to amend his habeas petition to incorporate lengthy pleadings that contribute nothing to the petition's purpose.[2]

---

[2] The Court also notes that Petitioner's motion fails to comply with Local Rule 15.1, which requires that

> [a] party who moves to amend a pleading shall attach the

4

*Ward v. Chapman*, 19-12543

Furthermore, justice would not be served by granting leave to amend because Petitioner's proposed amendments provide no new grounds for relief nor any new supporting facts. Petitioner's motion for leave to amend seeks restoration of claims and arguments this Court and others[3] have already addressed. These include the time period for the challenged actions of the Michigan Parole Board; the role of the 1971 unconstitutional convictions in the board's decisions, including its 2006 decision to revoke Petitioner's parole; and that Petitioner's continued incarceration is an Eighth and Fourteenth Amendment violation. (ECF No. 53, PageID.1705-07.) Again, nothing in Petitioner's motion raises a new claim upon which the Court must act.

---

proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and *may not incorporate any prior pleading by reference*.

*Id*. (emphasis added). While "[f]ailure to comply with this Rule is not grounds for denial of the motion[,]" *id*., the petition that would result if Petitioner's motion were granted amply demonstrates the purpose for the local rule.

[3] *See*, *e.g.*, *Ward v. Wolfenbarger*, 342 F. App'x 134, 137 (6th Cir. 2009) ("Ward's parole was revoked *because of* his 'no contest plea' [to parole violations] and *not because the parole board looked anew at the 1971 expunged convictions*.") (second emphasis added); *Ward v. Wolfenbarger*, 04-73725, ECF No. 48, PageID.601 (E.D. Mich. July 17, 2006) (Cohn, J.) (denying relief on Eighth Amendment challenge).

5

*Ward v. Chapman*, 19-12543

The authority Petitioner cites in his motion is Federal Rule of Civil Procedure 60(b)(6), a "catch-all" provision that permits relief from a judgment or order "for any . . . reason that justifies relief" (other than those specified in the rule). However, Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). Rule 60(b) and similar rules possess a "common denominator" that "a party that has had a fair chance to present its arguments ought not have a second bite at the apple." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017) (referring to Fed. R. Civ. P. 59, 60; Local Rule 7.1(h)). Petitioner's motion for leave to amend is an attempt at a "second bite."

A seminal case interpreting Rule 15(a) held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Petitioner has had numerous opportunities to test his claims on the merits, in both the instant case and others in this District and at the Sixth Circuit Court of Appeals. Justice does not require yet another opportunity for Petitioner to raise these issues.

*Ward v. Chapman*, 19-12543

For the reasons stated above, it is **HEREBY ORDERED that** Petitioner's motion for leave to amend his petition (ECF No. 53) is **DENIED.**

Petitioner is **DIRECTED** to file all future pleadings on this matter in the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: September 4, 2020