UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL C. WARD,

        Petitioner,                  Case No. 2:19-cv-12543
                                                    Hon. Arthur J. Tarnow

v.

WILLIS CHAPMAN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RECONSIDERATION (ECF NO. 78)

Petitioner Michael C. Ward's habeas case is on appeal to the Sixth Circuit Court of Appeals.[1] His case in this Court was closed when the Court dismissed his petition, *see* ECF No. 30, and denied his motions for reconsideration and to amend his petition. ECF No. 54, 55. On September 28, 2020, the Court denied another motion for reconsideration, ECF No. 60, and two supplemental pleadings, ECF Nos. 58, 64. *See* Order, ECF No. 65. On July 14, 2021, the Court denied Petitioner's motion to clarify and for relief from judgment, ECF No. 66, which was filed before but docketed after entry of the September 28, 2020, Order. *See* Order, 7/14/2021, ECF No. 75.

---

[1] Petitioner has filed several Notices of Appeals in this case, starting in July 2020. *See* ECF Nos. 44, 62, 67, 69, and 76. Most recently, he appealed the order he is challenging in this motion for reconsideration. ECF No. 76.

*Ward v. Chapman*, 19-12543

Now before the Court is Petitioner's motion for reconsideration of its most recent order. ECF No. 78. This motion will be denied.

First, Petitioner's argument the Court abused its discretion is incorrect. "The traditional rule is that 'a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.'" *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (quoting *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.1993)). The Sixth Circuit has "carved out an exception" to the rule whereby a district court may act on a motion for reconsideration "*if it so chooses*." *Id*. (citing *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir.1976)) (emphasis added).

In other words, this Court *may*, but is not obligated to, entertain a motion for reconsideration after a litigant has filed a notice of appeal. This Court elects not to invoke the exception recognized in *Dunham*.

Second, Petitioner may not re-argue his case on reconsideration, *see Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014); nor may he "present the same issues already ruled upon by the court[.]" *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). "Generally, . . . the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court,

2

*Ward v. Chapman*, 19-12543

either expressly or by reasonable implication." U.S. Dist. Ct. Rules, E.D. Mich. 7(h)(3).

Petitioner's Motion to Clarify, ECF No. 66, contained the same arguments and the same exhibits Petitioner has repeatedly raised before the Court in both this case and a related habeas case, No. 03-72701. *See* ECF No. 66. Accordingly, Petitioner was not entitled to the relief requested, and his motion to reconsider that denial is similarly without merit.

As Petitioner's case is on appeal in the Sixth Circuit Court of Appeals, the Court chooses to let the appeal run its course. Petitioner's motion for reconsideration, ECF No. 78, is **DENIED**.

The Clerk of the Court is **DIRECTED to TRANSFER** all future pleadings on this matter to the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

      s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 16, 2021

3